**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ALBERT GUTKNECHT, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>THE LOVESAC COMPANY, SHAWN NELSON, and DONNA DELLOMO,<br><br>  Defendants. | **CASE No.: 3:23-cv-01640-KAD**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF SUSAN COOKE PEÑA TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>**CLASS ACTION** |

**TABLE OF CONTENTS**

INTRODUCTION AND BACKGROUND ...................................................................................1

ARGUMENT....................................................................................................................................3

I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ......................................3

    A.    Movant Is Willing to Serve as Class Representative ....................................................4

    B.    Movant Has the Largest Financial Interest in the Action...........................................4

    C.    Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ...................................................................................................................5

        1.    Movant's Claims are Typical ...........................................................................6

        2.    Movant Is Adequate..........................................................................................6

    D.    Movant Is Presumptively the Most Adequate Plaintiff...............................................7

II.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED....................7

CONCLUSION ................................................................................................................................8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Bally Total Fitness*, *Sec. Litig.*,
2005 WL 627960 (N.D. Ill. Mar. 15, 2005)................................................................5

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)........................................................................................6

*In re Fuwei Films Sec. Litig.*,
247 F.R.D. 432 (S.D.N.Y. 2008)..............................................................................4, 5

*In re Livent, Inc. Noteholders Sec. Litig.*,
210 F.R.D. 512 (S.D.N.Y. 2002)................................................................................6

*In re Olsten Corp. Sec. Litig.*,
3 F.Supp.2d 286 (E.D.N.Y. 1998)..............................................................................4

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998)..................................................................................5

*Lax v. First Merchants Acceptance Corp.*,
1997 WL 461036 (N.D. Ill. Aug. 11, 1997) .............................................................4

*Takara Trust v. Molex*,
229 F.R.D. 577 (N.D. Ill. 2005) ................................................................................4

**Statutes**

15 U.S.C. § 78u-4(a) ...........................................................................................3, 4, 7

**Rules**

Fed. R. Civ. P. 23.............................................................................................4, 5, 6

Movant Susan Cooke Peña ("Movant") respectfully submits this memorandum of law in support of her motion for an Order, pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)    appointing Movant as Lead Plaintiff for the class of all purchasers or acquirers of securities of The Lovesac Company ("Lovesac" or the "Company") between March 30, 2023 and August 16, 2023, both dates inclusive (the "Class Period"); and

(b)    approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class and Faxon Law Group, LLC as Liaison Counsel.

## INTRODUCTION AND BACKGROUND

On December 19, 2023, this case was filed against Lovesac, Shawn Nelson, and Donna Dellomo. That same day, an early notice was issued pursuant to the PSLRA advising class members of, among other things, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Faxon Declaration, Ex. 1.

Defendant Lovesac designs, manufactures, and sells furniture, marketing its products primarily through the lovesac.com website, as well as through physical retail spaces. Defendant Lovesac is a Delaware corporation with principal executive offices located at Two Landmark Square, Suite 300, Stamford, Connecticut 06901. Lovesac's common stock trades in an efficient market on the NASDAQ Stock Market ("NASDAQ") under the ticker symbol "LOVE".

The complaint alleges that Defendants throughout the Class Period made materially false and misleading statements regarding the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Lovesac did not properly account for last mile shipping and freight expenses; (2) accordingly,

1

Lovesac's disclosure controls and procedures and internal control over financial reporting were ineffective and deficient; (3) as a result of all the foregoing, Lovesac overstated its gross profit and operating and net income, as well as understated its shipping and handling costs and accrued freight and shipping expenses, in its previously issued financial statements; (4) accordingly, Lovesac was likely to restate one or more of its previously issued financial statements; and (5) as a result, the Company's public statements were materially false and misleading at all relevant times.

On August 16, 2023, Lovesac disclosed in an SEC filing that, "[i]n June 2023, the Audit Committee (the 'Audit Committee') of the Board of Directors of [Lovesac] . . . commenced an internal investigation related to the recording of last mile shipping expenses, resulting from the discovery of a recorded journal entry in the quarter ended April 30, 2023 to capitalize $2.2 million of shipping expenses that related to the fiscal year ended January 29, 2023." Lovesac further advised that, "[i]n addition to the aforementioned journal entry, the Company has identified through the investigation certain errors with the methodology used by the Company to calculate the accrual of its last mile freight expenses applicable to the Company's financial statements for the fiscal year ended January 29, 2023 and the thirteen weeks ended April 30, 2023 (the 'Prior Financial Statements')." Lovesac stated that, "as a result of the identified errors related to last mile freight expenses, the Company believes that previously reported operating income and net income were overstated by approximately $1.5 million to $2.5 million and $1.0 million to $2.0 million, respectively, for fiscal year 2023" and that "[w]hen aggregating this error with other estimated required correcting entries the Company believes that operating income and net income were overstated by approximately $2.0 million to $3.0 million and $1.5 million to $2.5 million, respectively, for the fiscal year ended January 29, 2023." In addition, Lovesac disclosed that it "believes that the identified errors related to the accrual methodology, together with the incorrectly recorded entry related to last mile freight expenses resulted in the overstatement of previously

2

reported operating income and net income of less than $0.5 million, respectively, for the thirteen weeks ended April 30, 2023" and that "[w]hen aggregating these errors with other estimated required correcting entries the Company believes that operating income and net income were overstated by less than $0.5 million, respectively, for the thirteen weeks ended April 30, 2023."

As a result of the foregoing errors, Lovesac concluded "that [its] financial statements for fiscal year 2023 included in the Company's Annual Report on Form 10-K for the fiscal year ended January 29, 2023, management's report on internal control over financial reporting for the fiscal year ended January 29, 2023, the associated audit report and report on internal control over financial reporting of the Company's independent registered public accounting firm, Deloitte & Touche LLP . . . , and the Company's condensed financial statements included in the Company's Quarterly Report on Form 10-Q for the thirteen weeks ended April 30, 2023, should no longer be relied upon." Accordingly, Lovesac advised that it would restate the flawed financial statements in question.

Following these disclosures, Lovesac's stock price fell $0.70 per share, or 2.95%, to close at $23.06 per share on August 17, 2023.

As a result of Defendants' wrongful acts and omissions, and the decline in the market value of the Company's securities, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable

3

presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice …;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A.    Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that she is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Faxon Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B.    Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax*/*Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re*

---

[1] *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

4

*Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $3,915.79 in connection with purchases of Lovesac securities. *See* Faxon Decl., Ex. 3. Movant is not aware of any other movant that has suffered greater losses in Lovesac securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

**C.    Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

5

### 1. Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiffs' claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading and failing to disclose material statements about the Company's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2. Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litig.*, 264 F.3d 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between her claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Lovesac securities and is, therefore, extremely motivated to pursue claims in this action.

### D.    Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Movant lives in Texas, where she works in the real estate industry. Movant has a college degree and has been investing for 15 years. The presumption that Movant is the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely lead plaintiff. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against her that would render Movant inadequate to represent the Class.

## II.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law Lead Counsel. The firm has been actively researching Movant's and the Class's claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and are experienced

in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions throughout the country. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors. Likewise, Faxon Law has a long history of handling complex litigation including class actions. *See* Faxon Decl., Exs. 4 and 5.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Movant's selection of Rosen Law as Lead Counsel and Faxon Law Group, LLC as Liaison Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: February 20, 2024                 Respectfully submitted,

**FAXON LAW GROUP, LLC**

/s/Joel T. Faxon  (CT 16255)
Joel T. Faxon, Esq.
Eric P. Smith, Esq.  (CT 16141)
59 Elm Street #3
New Haven, CT 06510
Telephone: 203.624.9500
Email: jfaxon@faxonlawgroup.com
Email: esmith@faxonlawgroup.com

*[Proposed] Liaison Counsel for Plaintiff and the Class*

8

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and
Class*

**SCHALL LAW FIRM**
Brian Schall, Esq.
2049 Century Park E #2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Email: brian@schallfirm.com

*Additional Counsel*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Joel T. Faxon