UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALBERT GUTKNECHT, individually and on behalf of all others similarly situated, **Plaintiff,** v. THE LOVESAC COMPANY, *et al.*, **Defendants.** | No. 3:23-cv-01640-KAD |

**DECLARATION OF SARAH EVANS CONCERNING: (A) MAILING AND EMAILING OF NOTICE; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

I, Sarah Evans, declare as follows:

1.     I am a Project Manager of Strategic Claims Services ("SCS"), a nationally recognized class action administration firm.  I have over eight years of experience specializing in the administration of class action cases.  SCS was established in April 1999 and has administered over five hundred and fifty (550) class action cases since its inception. I have personal knowledge of the facts set forth herein, and if called on to do so, I could and would testify competently thereto.

2.     Pursuant to the Court's Order Preliminarily Approving Proposed Settlement, dated August 1, 2024 (Dkt. No. 46, the "Preliminary Approval Order"), SCS was appointed and approved as the Claims Administrator and Escrow Agent to supervise and administer the notice procedures as well as the processing of claims in connection with the Settlement of the above-captioned Action.[1]  I submit this declaration in order to provide the Court and the Settling Parties with information regarding the notifications to potential Settlement Class Members, as well as other aspects of the Settlement administration process.

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation of Settlement, dated July 30, 2024 (Dkt. No. 45-3, the "Stipulation").

**DISSEMINATION OF THE POSTCARD NOTICE
AND LONG NOTICE AND CLAIM FORM**

3.      SCS sent the Depository Trust Company ("DTC") a copy of the Notice of (I) Pendency of Class Action and Proposed Settlement, (II) Settlement Fairness Hearing, and (III) Motion for Attorneys' Fees and Litigation Expenses ("Long Notice") and Proof of Claim and Release Form ("Claim Form") (collectively, the "Long Notice and Claim Form") for the DTC to publish on its Legal Notice System ("LENS") on August 26, 2024. LENS provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted. A true and correct copy of the Long Notice and Claim Form is attached as **Exhibit A**.

4.      As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" — *i.e.,* the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers.  The names and addresses of these beneficial purchasers are known only to the nominees.  SCS maintains a proprietary master list consisting of 1,039 banks and brokerage companies ("Nominee Account Holders"), as well as 1,266 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups").  On August 26, 2024, SCS caused a letter to be mailed or e-mailed to the 2,305 nominees contained in the SCS master mailing list.  The letter notified them of the Settlement and requested that they, within 7 calendar days from the date of the letter, either (i) provide SCS with a list of the names, last known addresses, and email addresses (if available) of such beneficial purchasers/owners so that SCS could promptly either mail or email them the Postcard Notice; (ii) request from SCS copies of the Postcard Notice sufficient to send to their clients who were beneficial purchasers/owners and, within 7 calendar days of receipt of the

Postcard Notices, send them to their clients who may be beneficial purchasers/owners; or (iii) request from SCS the electronic Postcard Notice and, within 7 calendar days of receipt, email the Postcard Notice to their clients who were beneficial purchasers/owners. A copy of the letter sent to these nominees is attached as **Exhibit B.**

5.      To provide actual notice to those persons and/or entities who purchased or otherwise acquired The Lovesac Company ("Lovesac") common stock during the period from June 8, 2022, through August 16, 2023, inclusive ("Class Period"), pursuant to the Preliminary Approval Order, SCS printed and mailed or emailed the Postcard Notice to potential members of the Settlement Class. A copy of the Postcard Notice is attached as **Exhibit C**.

6.      SCS mailed, by first class mail, postage prepaid, the Postcard Notice to 173 persons or entities identified in the transfer records Defendants' Counsel provided to Lead Counsel that were forwarded to SCS. These records reflect the persons or entities that purchased Lovesac for their own accounts, or for the account(s) of their clients, during the Class Period. The mailing to the persons and entities listed in the transfer records was completed on September 5, 2024. Following this mailing, SCS received 2,055 additional names and addresses of potential Settlement Class Members from individuals or nominees requesting that SCS mail copies of the Postcard Notice to them, which SCS has fulfilled. SCS also received and fulfilled requests from three nominees for 6,640 Postcard Notices so that these nominees could mail the Postcard Notice to their clients who were potential Settlement Class Members. Additionally, one nominee notified SCS that it mailed the Postcard Notice to 260 of its clients who were potential Settlement Class

Members.  To date, a total of 9,128 Postcard Notices have been mailed to potential Settlement Class Members.[2]

7.    SCS also received 8,250 valid email addresses from nominees and other individuals, and SCS promptly emailed these potential Settlement Class Members the electronic Postcard Notice. Additionally, SCS was notified by a nominee that it emailed 11,062 of its clients to alert them of this Settlement and provided a direct link to the electronic Postcard Notice. Accordingly, 19,312 Postcard Notices were emailed to potential Settlement Class Members.

8.    To date, a total of 28,440 Postcard Notices have been mailed and/or emailed to potential Settlement Class Members or nominees to inform them of the Settlement.

### PUBLICATION OF THE SUMMARY NOTICE

9.    Pursuant to the Preliminary Approval Order, the Summary Notice of (I) Pendency of Class Action and Proposed Settlement, (II) Settlement Fairness Hearing, and (III) Motion for Attorneys' Fees and Litigation Expenses ("Summary Notice") was transmitted nationally over *GlobeNewswire* on September 13, 2024, as shown in the confirmation of publication attached hereto as **Exhibit D.**

### TOLL-FREE PHONE LINE

10.    SCS maintains a toll-free telephone number (1-866-274-4004) for Settlement Class Members to call and obtain information about the Settlement, as well as to request that the Long Notice and Claim Form be mailed to them. SCS has promptly responded to each telephone inquiry and will continue to address Settlement Class Member inquiries through the administration process.

---

[2] SCS has received one request from a potential Settlement Class Member for the Long Notice and Claim Form to be mailed to them.  SCS immediately mailed the Long Notice and Claim Form to the potential Settlement Class Member.

**SETTLEMENT WEBSITE**

11.    On August 26, 2024, SCS established a dedicated webpage for this Settlement on its website at www.strategicclaims.net/lovesac/. The webpage is accessible 24 hours a day, 7 days a week.  The webpage contains information related to the current status of the case, including important case dates such as the Settlement Fairness Hearing date, the deadlines by which exclusions and objections must be received, and the deadline to file claims. The webpage also contains the online claim filing link and important case documents, such as the Long Notice and Claim Form, the Postcard Notice, the Summary Notice, the Preliminary Approval Order, and Stipulation and exhibits. SCS will continue to maintain and update the webpage throughout the Settlement administration process.

**REPORT ON EXCLUSIONS AND OBJECTIONS**

12.    The Long Notice, Postcard Notice, Summary Notice, and the Settlement webpage informed potential Settlement Class Members that written requests for exclusion are to be mailed so that they are received by SCS no later than November 4, 2024.  SCS has been monitoring all mail delivered for this case.  As of the date of this declaration, SCS has not received any requests for exclusion.

13.    According to the Long Notice, the Postcard Notice, the Summary Notice, and the Settlement webpage, Settlement Class Members seeking to object to the proposed Settlement, including to any terms of the Settlement Agreement, to the Plan of Allocation, and/or to the applications for Attorneys' Fees and Expenses Award and/or a PSLRA Award, must serve their objections upon Lead Counsel and Defendants' Counsel, as well as file them with Clerk of the Court, no later than November 4, 2024.  As of the date of this declaration, SCS has not received any objections, and SCS has not been notified that any objection has been submitted.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 28th day of October 2024, in Media, Pennsylvania.

_____
Sarah Evans

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **ALBERT GUTKNECHT, individually and on behalf of all others similarly situated,** | No. 3:23-cv-01640-KAD |
| **Plaintiff,** | |
| v. | |
| **THE LOVESAC COMPANY**, *et al.*, | |
| **Defendants.** | |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, (II) SETTLEMENT FAIRNESS HEARING, AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

**This notice is about the proposed settlement of a securities class action against The Lovesac Company.  You might be a member of the settlement class in that lawsuit, and you might be eligible to receive money from the proposed settlement.**

**NOTICE OF PENDENCY OF CLASS ACTION:**  Your rights might be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the District of Connecticut (the "Court") if you purchased or otherwise acquired common stock of The Lovesac Company ("Lovesac") from June 8, 2022, through August 16, 2023, inclusive (the "Class Period").[1]

**NOTICE OF SETTLEMENT:**  The Court-appointed lead plaintiff, Susan Cooke Peña (the "Lead Plaintiff"), on behalf of herself and the Settlement Class (as defined in ¶ 19 below), has reached a proposed settlement of the Action for $615,000 in cash.

**PLEASE READ THIS NOTICE CAREFULLY.  It explains important rights you might have, including the possible receipt of a payment from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in it, please contact Lead Counsel or the Claims Administrator (*see* ¶ 86 below).  DO NOT contact the Court, Lovesac, the other Defendants, or their counsel about those questions.

1.  **Description of the Action and the Settlement Class:**  This Notice concerns a proposed settlement of claims in a pending securities class action brought by investors alleging that Lovesac and certain of its executives (collectively, "Defendants") violated the federal securities laws by making false and misleading statements about Lovesac's financial condition and accounting.  A fuller description of the Action is in ¶¶ 11-18 below.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in ¶ 19 below.

2.  **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Lead Plaintiff, on behalf of herself and the Settlement Class, has agreed to settle the Action in exchange for $615,000 in cash (the "Settlement Amount").  The "Net Settlement Amount" will be distributed under a Plan of Allocation

---

[1] All capitalized terms not defined in this Notice have the meanings given to them in the Stipulation of Settlement dated as of July 30, 2024 (the "Settlement Agreement").  The Settlement Agreement is available at www.strategicclaims.net/lovesac.

that the Court approves.  (The Net Settlement Amount is the Settlement Amount plus any interest earned on it (the "Settlement Fund") less (i) any Tax Expenses, (ii) any Notice and Administrative Expenses, and (iii) any attorneys' fees and expenses awarded by the Court, including any award for the costs and expenses of Lead Plaintiff.)  The proposed Plan of Allocation is in ¶¶ 50-70 below.  The Plan of Allocation will determine how the Net Settlement Amount will be distributed to Settlement Class members.

3. **Estimate of Average Recovery Per Share:**  Based on Lead Plaintiff's damages expert's estimate of the number of shares of Lovesac common stock that were purchased during the Class Period and might have been affected by the conduct alleged in the Action, and assuming all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before deduction of any Court-approved fees, expenses, and costs as described below) is $0.09 per affected share.  If the Court approves the fee and expense applications discussed below, the average recovery would be approximately $0.05 per affected share.  Those numbers, however, are only estimates.  Some Settlement Class Members might recover more or less than the estimated amount depending on, among other factors, when and at what prices they purchased or sold their shares, and the total number and value of valid Claim Forms submitted.  Distributions to Settlement Class Members will be made based on the Plan of Allocation (*see* ¶¶ 50-70 below) or such other Plan of Allocation as the Court might order.

4. **Average Amount of Damages Per Share:**  Lead Plaintiff and Defendants (the "Parties") do not agree on the average amount of damages per share of Lovesac common stock that would be recoverable if Lead Plaintiff were to prevail at trial.  Among other things, Defendants do not agree that they violated the federal securities laws or that any Settlement Class Members suffered any damages from Defendants' alleged conduct.

5. **Attorneys' Fees and Expenses Sought:**  Plaintiff's Counsel have been prosecuting the Action on a wholly contingent basis and have not yet received any fees for their representation of the Settlement Class.[2]  They also have advanced money to pay expenses necessarily incurred to prosecute this Action.  Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiff's Counsel in an amount not to exceed 33 1/3% (one-third) of the Settlement Fund.  In addition, Lead Counsel will apply for payment of expenses paid or incurred by Plaintiff's Counsel in connection with the institution, prosecution, and resolution of the Action in an amount not to exceed $45,000, and Lead Plaintiff will apply for payment of the reasonable costs and expenses she incurred directly related to her representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in an amount not to exceed $3,500.  Any fees and expenses that the Court awards to Plaintiff's Counsel and Lead Plaintiff will be paid from the Settlement Fund.  Settlement Class Members will not be personally liable for any such fees or expenses.  The estimated average cost for such fees and expenses, if the Court approves Lead Counsel's fee and expense application and Lead Plaintiff's application for a PSLRA Award, is approximately $0.04 per affected share.

6. **Identification of Attorneys' Representatives:**  Lead Plaintiff and the Settlement Class are represented by Jacob A. Goldberg and Leah Heifetz-Li of The Rosen Law Firm, P.A., 101 Greenwood Avenue, Suite 440, Jenkintown, PA 19046, (215) 600-2817, jgoldberg@rosenlegal.com and lheifetz@rosenlegal.com.

7. **Reasons for the Settlement:**  Lead Plaintiff's main reason for entering into the Settlement is the substantial, certain, and prompt recovery for the Settlement Class without the risks and delays from further litigation, especially in complex securities actions such as this one.  Moreover, the substantial recovery provided under the Settlement must be considered against the significant risk that a smaller recovery—or perhaps no recovery at all—might be achieved after contested motions, a potential trial of the Action, and the likely appeals that would follow.  That process could last several years.  Defendants, who deny all allegations of wrongdoing, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

---

[2] Plaintiff's Counsel include (i) Lead Counsel, The Rosen Law Firm, P.A., (ii) local counsel for Lead Plaintiff and the Settlement Class, Faxon Law Group, LLC, and (iii) additional counsel, Schall Law Firm.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM ELECTRONICALLY OR BY FIRST-CLASS MAIL** *RECEIVED OR POSTMARKED* **NO LATER THAN NOVEMBER 8, 2024.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court, and you will give up any Released Class Claims (defined in ¶ 34 below) you have against Defendants and the other Releasees (defined in ¶ 35 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION THAT IS** *RECEIVED* **NO LATER THAN NOVEMBER 4, 2024.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund, and you will not be able to object to the Settlement.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Releasees concerning the Released Class Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION THAT IS** *RECEIVED* **NO LATER THAN NOVEMBER 4, 2024.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, the request for attorneys' fees and expenses, or the proposed award to Lead Plaintiff, you may write to the Court and explain why you do not like them.  You cannot object to any of those matters unless you are a Settlement Class Member and do not exclude yourself from the Class. |
| **GO TO A HEARING ON DECEMBER 9, 2024, AT 9:30 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR THAT IS** *RECEIVED* **NO LATER THAN NOVEMBER 4, 2024.** | If you file a written objection and notice of intention to appear by November 4, 2024, you may speak in Court, at the Court's discretion, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses or the award to Lead Plaintiff.  However, you do not need to speak at or attend the hearing to have the Court consider your objection.  The Court may change the date of the Fairness Hearing and may also order the hearing to be held by telephone or videoconference, in which case instructions about date, time, and how to participate will be posted on www.strategicclaims.net/lovesac. |
| **DO NOTHING.** | If you are a member of the Settlement Class and do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you will give up your right to sue about the claims that are resolved by the Settlement, and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? ...............................................................................................Page 4
What Is This Case About? ..................................................................................................Page 4
How Do I Know If I Am Affected By The Settlement?
    Who Is Included In The Settlement Class? .................................................................Page 5
What Are Lead Plaintiff's Reasons For Settling?.............................................................Page 6
What Might Happen Without A Settlement? .....................................................................Page 7
How Are Settlement Class Members Affected By The Action And The Settlement? .......................Page 7
How Do I Participate In The Settlement?  What Do I Need To Do?...................................Page 9
How Much Will My Payment Be?.......................................................................................Page 9
What Payment Are The Attorneys For The Settlement Class Seeking?
    How Will The Lawyers Be Paid?................................................................................Page 14
What If I Do Not Want To Be A Member Of The Settlement Class?
    How Do I Exclude Myself?.........................................................................................Page 14
When And Where Will The Court Decide Whether To Approve The
    Settlement?  Do I Have To Participate in The Hearing?  May I Speak At
    The Hearing If I Don't Like The Settlement? ...........................................................Page 15
What If I Bought Shares On Someone Else's Behalf? ......................................................Page 17
Can I See The Court File?  Whom Should I Contact If I Have Questions? ......................Page 17

## WHY DID I GET THIS NOTICE?

8.    The Court directed that this Notice be made available to you because you or someone in your family or an investment account for which you serve as a custodian might have purchased or otherwise acquired Lovesac common stock during the Class Period.  You therefore might be a Settlement Class Member in this Action, so you have a right to know your options before the Court rules on the proposed Settlement.  You also have the right to understand how this class action might generally affect your legal rights.  If the Court approves the Settlement and the Plan of Allocation, the Claims Administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    This Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also designed to inform you of the terms of the proposed Settlement, your right to object to it, and a hearing at which the Court will consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, Lead Counsel's motion for attorneys' fees and litigation expenses, and Lead Plaintiff's application for an award of costs (the "Fairness Hearing").  *See* ¶¶ 76-78 below for details about the Fairness Hearing.

10.    This Notice does not express the Court's opinion about the merits of the claims in the Action, and the Court has not yet decided whether to approve the Settlement.  If the Court approves the Settlement and a Plan of Allocation, payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.  Lovesac is a furniture company.  Its common stock trades on the NASDAQ under the symbol "LOVE."  Lead Plaintiff alleges that Defendants made false and misleading statements and material omissions about Lovesac's financial condition and accounting during the Class Period.  At the end of the Class Period, Lovesac announced that investors could no longer rely on its previously issued financial

statements for the 2023 fiscal year and the first quarter of the 2024 fiscal year primarily because of the way in which certain expenses had been recorded.  Lovesac also said it was evaluating the impact of the identified accounting errors and expected that the evaluation would likely result in the identification of one or more material weaknesses in its internal controls over financial reporting.  Lead Plaintiff contends that the alleged misstatements or omissions inflated the price of Lovesac common stock during the Class Period and that the stock price declined when the financial and accounting errors were disclosed.  Defendants have denied that any of the alleged conduct supports Lead Plaintiff's claims.

12.    On December 19, 2023, a Lovesac shareholder named Albert Gutknecht filed a class-action complaint in the Court asserting claims under the federal securities laws against Lovesac and two of its present or former executive officers:  Shawn Nelson, Lovesac's Chief Executive Officer, and Donna Dellomo, Lovesac's former Chief Financial Officer.

13.    By Order dated March 11, 2024, the Court appointed Susan Cooke Peña as Lead Plaintiff for the Action and approved her selection of The Rosen Law Firm, P.A., as Lead Counsel.

14.    On May 10, 2024, Lead Plaintiff filed and served her Amended Class Action Complaint (the "Complaint").  The Complaint asserts claims against Lovesac, Mr. Nelson, and Ms. Dellomo under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 promulgated thereunder, and against the individual defendants under Section 20(a) of the Exchange Act.  The Complaint alleges that Defendants made materially false and misleading statements during the Class Period about Lovesac's financial results, accounting (especially as to certain shipping expenses), and internal controls.  In addition, the Complaint charges that the price of Lovesac common stock was artificially inflated during the Class Period because of Defendants' allegedly false and misleading statements and omissions and that the price declined when Lovesac disclosed the accounting errors in August 2023.

15.    Defendants began preparing to move to dismiss the Complaint, and Lead Plaintiff and her counsel conducted further work on the potential damages that Lead Plaintiff and the Settlement Class might recover if they were to prevail on their claims.  While that work was in progress, the Parties started to discuss the possibility of resolving the case without spending further money on litigation, and they reached an agreement in principle to settle the Action.  The Parties executed a Term Sheet on May 29, 2024, setting forth their agreement in principle to settle and release all claims in return for a cash payment by Defendants of $615,000 for the benefit of the Settlement Class.  The agreement was subject to certain terms and conditions, including the execution of a full stipulation of settlement and related papers, Lead Plaintiff's satisfactory completion of Due-Diligence Discovery, and approval by the Court.

16.    On July 30, 2024, the Parties entered into the full Settlement Agreement, which contains the complete terms and conditions of the Settlement.   The Settlement Agreement is available at www.strategicclaims.net/lovesac.  You should read it if you want a full understanding of its terms.

17.    The Settlement Agreement is subject to Lead Plaintiff's completion of Due-Diligence Discovery to confirm the fairness of the Settlement.  Lead Plaintiff can withdraw from and terminate the Settlement before filing her motion in support of final approval of the Settlement if information produced during Due-Diligence Discovery causes her and Lead Counsel reasonably and in good faith to conclude that the proposed Settlement is not fair, reasonable, and adequate.

18.    On August 1, 2024, the Court preliminarily approved the proposed Settlement, authorized notice of the Settlement to be given to potential Settlement Class Members, and scheduled the Fairness Hearing to consider whether to grant final approval to the Settlement.

---

### HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
### WHO IS INCLUDED IN THE SETTLEMENT CLASS?

---

19.    If you are a member of the Settlement Class, you are subject to the Settlement unless you timely request to be excluded from it.  The Settlement Class consists of:

all persons and entities who purchased or otherwise acquired Lovesac Securities (meaning common stock) during the period from June 8, 2022, through August 16, 2023, inclusive (the "Class Period").

Excluded from the Settlement Class are:

a.  such persons or entities who submit valid and timely requests for exclusion from the Settlement Class (For information on how to submit a request for exclusion, *see* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," in ¶¶ 72-75 below);

b.  such persons or entities who, while represented by counsel, settled an actual or threatened lawsuit or other proceeding against one or more of the Releasees (defined below in ¶ 35) arising out of or related to the Released Class Claims (defined below in ¶ 34); and

c.  Lovesac and (*i*) all officers and directors of Lovesac during the Class Period (including Shawn Nelson and Donna Dellomo), (*ii*) Lovesac's Affiliates, subsidiaries, successors, and predecessors, (*iii*) any entity in which Lovesac or any other Defendant has or had during the Class Period a Controlling Interest, and (*iv*) for the individuals identified in subpart(s) (*i*), (*ii*), and/or (*iii*), their Family Members, legal representatives, heirs, successors, and assigns.

PLEASE NOTE:  Receipt of this Notice does *not* necessarily mean that you are a Settlement Class Member or that you will be entitled to a payment from the Settlement.

**If you are a Settlement Class Member and wish to be eligible to receive a payment, you must submit the Claim Form that is available with this Notice, as well as the required supporting documentation described in the Claim Form,** *postmarked* **no later than November 8, 2024.**

| WHAT ARE LEAD PLAINTIFF'S REASONS FOR SETTLING? |
| --- |

20.    Lead Plaintiff and Lead Counsel believe that the claims they asserted have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue those claims through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.

21.    First, Lead Plaintiff would face substantial risks from Defendants' anticipated motion to dismiss. Defendants would argue that, even though Lovesac restated certain of its financial results, the restated amounts were relatively small, and, in any event, the Complaint does not plead any facts creating a strong inference that the individual defendants or any other senior executives at Lovesac actually knew about or recklessly disregarded those errors.   While Lead Plaintiff believes otherwise, she recognizes the meaningful risk that Defendants could persuade the Court to dismiss the Action on the pleadings.

22.    Second, even if Lead Plaintiff survived Defendants' motion to dismiss, and even though Lead Plaintiff believes that the Settlement Class meets the requirements for certification, the class has not yet been certified, and Lead Plaintiff understands there is a risk the Court could deny certification or could shorten the class period based on issues related to falsity, scienter, and/or loss causation.  If Lead Plaintiff failed to obtain class certification, or if the proposed class period were shortened, the benefit to the Settlement Class would be substantially reduced or eliminated.

23.    Third, even if Lead Plaintiff survived Defendants' motion to dismiss and the Court certified the class, she still would face substantial challenges in developing facts to survive summary judgment or establish Defendants' liability at trial.  Lead Plaintiff would face challenges in proving that Defendants' statements about Lovesac's financial results and internal controls were materially false and misleading and that Defendants made those alleged misstatements knowing that they were false or with reckless disregard for their truth or falsity.

24.    Fourth, even if Lead Plaintiff could prove falsity and knowing or reckless misconduct, she would face substantial difficulties in establishing damages, including whether the decline in Lovesac's stock price was statistically significant in light of the stock's normal trading volatility.

25.    Finally, given, among other the things, the extensive discovery necessary to prove the case and the significant expert testimony needed to establish liability, loss causation, and damages, there is no doubt that continued prosecution of this case would have been both time-intensive and costly.

26.    In light of these risks, the amount of the Settlement, and the immediacy of recovery for the Settlement Class, and subject to the satisfactory completion of Due-Diligence Discovery, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.  Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $615,000 in cash (plus interest, and less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery, after motions to dismiss, summary judgment, trial, and appeals, possibly years in the future.

27.    Defendants deny the claims asserted against them in the Action and deny that the Settlement Class was harmed or suffered any damages from the conduct alleged.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement cannot be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN WITHOUT A SETTLEMENT?

28.    If there were no Settlement, and if Lead Plaintiff failed to establish any essential legal or factual element of her claims against Defendants, neither Lead Plaintiff nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED
## BY THE ACTION AND THE SETTLEMENT?

29.    As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel unless you enter an appearance through counsel of your own choice at your own expense.  You do not need to retain your own counsel, but, if you choose to do so, your counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled "When And Where Will The Court Decide Whether To Approve The Settlement?," in ¶¶ 76-84 below.

30.    If you are a Settlement Class Member and do not wish to remain in the Settlement Class, you may exclude yourself from it by following the instructions in the section entitled "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," in ¶¶ 72-75 below.

31.    If you are a Settlement Class Member and wish to object to the Settlement, the Plan of Allocation, Lead Counsel's application for attorneys' fees and expenses, or Lead Plaintiff's application for a PSLRA Award, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled "When And Where Will The Court Decide Whether To Approve The Settlement?," in ¶¶ 76-84 below.

32.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court even if you have pending or later file any claim or lawsuit against the Releasees (as defined in ¶ 35 below) relating to the Released Class Claims (as defined in ¶ 34 below).  If the Settlement is approved, the Court will enter a judgment (the "Judgment") and a final approval order (the "Approval Order").  The Judgment and Approval Order will dismiss with prejudice the claims against Defendants and will provide that, upon the Final Settlement Date, Lead Plaintiff and all

7

other Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such ("Releasors"), or any person purporting to assert a Released Class Claim on behalf of, for the benefit of, or derivatively for any such Releasors, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Approval Order and Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged:

a.    all Released Class Claims (as defined in ¶ 34 below) against each and every one of the Releasees as (defined in ¶ 35 below);

b.    all Claims, damages, and liabilities as to each and every one of the Releasees to the extent that any such Claims, damages, or liabilities relate in any way to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written statements or representations in connection with, or directly or indirectly relating to, (i) the prosecution, defense, or settlement of the Action, (ii) the Settlement Agreement or its implementation, (iii) the Settlement terms and their implementation, (iv) the provision of notice in connection with the proposed Settlement, and/or (v) the resolution of any Claim Forms submitted in connection with the Settlement; and

c.    all Claims against any of the Releasees for attorneys' fees, costs, or disbursements incurred by Plaintiff's Counsel or any other counsel representing Lead Plaintiff or any other Settlement Class Member in connection with or related in any manner to the Action, the settlement of the Action, or the administration of the Action and/or its Settlement, except to the extent otherwise specified in the Settlement Agreement.

33.    In addition, the Judgment and Approval Order will contain an injunction providing that:

a.    all Settlement Class Members (and their attorneys, accountants, agents, heirs, executors, administrators, trustees, predecessors, successors, Affiliates, representatives, and assigns) who have not validly and timely requested exclusion from the Settlement Class – and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of such persons or entities – are permanently enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefit or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in the Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, as to the Releasees based on or relating to the Released Class Claims; and

b.    all persons and entities are permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) or other proceeding on behalf of any Settlement Class Members as to the Releasees, if such other lawsuit is based on or related to the Released Class Claims.

34.    "Released Class Claims" means each and every Claim that (*i*) arises from or relates to the Action (including all Claims alleged in the Complaint) and is asserted against the Releasees or (*ii*) could have been or could be asserted against any of the Releasees in connection with or relating directly or indirectly to any of the Operative Facts or any alleged statements about, mischaracterizations of, or omissions concerning them, whether arising under any federal, state, or other statutory or common-law rule or under any foreign law, in any court, tribunal, agency, or other forum, if such Claim arises out of or relates to the purchase or other acquisition of Lovesac Securities, or to any other Investment Decision, during the Class Period; *provided, however*, that the term "Released Class Claims" does not include (and will not release or impair) any claims to enforce the Settlement Agreement.

35.    "Releasees" means Lovesac, its affiliates, and their current and former officers (including Mr. Nelson and Ms. Dellomo), directors, employees, agents, representatives, counsel, advisors, administrators, accountants, accounting advisors, auditors, consultants, assigns, assignees, beneficiaries, representatives, partners, successors-in-interest, insurance carriers, reinsurers, parents, affiliates, subsidiaries, successors, predecessors, fiduciaries, service providers, and investment bankers, and certain other persons and entities affiliated with or related to them.  The full definition of Releasees is set forth in the Settlement Agreement, available at www.strategicclaims.net/lovesac.

36.    The Judgment and Approval Order will also provide that, upon the Final Settlement Date, all Releasees, and anyone purporting to act on behalf of, for the benefit of, or derivatively for any such persons or entities, are permanently enjoined from commencing, prosecuting, intervening in, or participating in any claims or causes of action relating to Released Releasees' Claims.

37.    "Released Releasees Claims" means each and every Claim that has been, could have been, or could be asserted in the Action or in any other proceeding by any Releasee against Lead Plaintiff, any other Settlement Class Members, or any of their respective attorneys, beneficiaries, accountants, professional advisors, trusts, trustees, administrators, and assigns, and that arises out of or relates in any way to the initiation, prosecution, or settlement of the Action or the implementation of this Settlement Agreement; *provided, however*, that Released Releasees' Claim shall not include any Claim to enforce the Settlement Agreement.  The full definition of Released Releasees Claims is set forth in the Settlement Agreement.

### HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

38.    To be eligible for a payment from the Settlement, you must be a member of the Settlement Class and must timely complete and return the Claim Form with adequate supporting documentation.  You must submit the Claim Form either (a) electronically through the Claims Administrator's website, www.strategicclaims.net/lovesac, by **11:59 p.m. ET on November 8, 2024**, or (b) by mail to *Lovesac Securities Litigation*, c/o Strategic Claims Services, P.O. Box 230, 600 North Jackson Street, Suite 205, Media, PA 19063, *postmarked* **no later than November 8, 2024**.  A Claim Form will be deemed to have been submitted when (a) the claimant receives a confirmation notice from Strategic Claims Services for electronic submissions or (b) legibly postmarked (if properly addressed and mailed by first-class mail), if such Claim Form is actually received before Lead Plaintiff files a motion for distribution of the Net Settlement Amount.

39.    A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.strategicclaims.net/lovesac.  You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at 1-866-274-4004 or by emailing the Claims Administrator at info@strategicclaims.net.  Please retain all records of your ownership of and transactions in Lovesac Securities, as they will be needed to document your Claim.  The Parties and Claims Administrator do not have information about your transactions in Lovesac Securities.

40.    If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Amount.

### HOW MUCH WILL MY PAYMENT BE?

41.    At this time, it is not possible to determine how much any individual Settlement Class Member might receive from the Settlement.

42.    Pursuant to the Settlement, Defendants have agreed to pay $615,000 in cash (the "Settlement Amount").  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned on it is called the "Settlement Fund."  If the Court approves the Settlement, and if the Final Settlement Date occurs, the "Net Settlement Amount" will be distributed to Settlement Class Members who submit valid Claim Forms in accordance with the proposed Plan of Allocation or such other

Plan of Allocation as the Court may approve.  The Net Settlement Amount is the Settlement Fund *less* (i) any Tax Expenses, (ii) any Notice and Administrative Expenses, and (iii) any attorneys' fees and expenses awarded to Plaintiff's Counsel or Lead Plaintiff by the Court.

43.    The Net Settlement Amount will not be distributed unless and until the Court has approved the Settlement and a Plan of Allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

44.    Defendants are not entitled to get back any portion of the Settlement Amount once the Court's order or judgment approving the Settlement becomes Final.  Defendants will not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Amount, or the Plan of Allocation.

45.    Approval of the Settlement is independent from approval of a Plan of Allocation.  Any determination about a Plan of Allocation will not affect the Settlement, if approved.

46.    Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form electronically or postmarked on or before November 8, 2024, will be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a member of the Settlement Class and be subject to the provisions of the Settlement Agreement, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Class Claims (as defined in ¶ 34 above) against the Releasees (as defined in ¶ 35 above) and will be barred and enjoined from prosecuting any of the Released Class Claims against any of the Releasees whether or not such Settlement Class Member submits a Claim Form.

47.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

48.    Each person or entity that submits a Claim Form will be deemed to have submitted to the jurisdiction of the Court as to his, her, or its Claim Form.

49.    Only members of the Settlement Class will be eligible to share in the distribution of the Net Settlement Amount.  Persons and entities that are excluded from the Settlement Class by definition or that request exclusion from the Settlement Class will not be eligible for a payment and should not submit Claim Forms.

## PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT AMOUNT

50.    The Plan of Allocation is intended to distribute the Net Settlement Amount equitably to those Settlement Class Members who suffered economic losses from the alleged violations of the securities laws. The calculations under the Plan of Allocation are not intended to be estimates or indicators of the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are those calculations intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. Computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Amount.

51.    For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must have caused the decline in the price of Lovesac common stock. In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts during the period from June 8, 2022, through August 16, 2023, inclusive, which alleged conduct artificially inflated the price of Lovesac common stock.  Lead Plaintiff further alleges that corrective information was released to the market on August 16, 2023, after the market had closed, and that the newly disclosed information removed the artificial inflation from the price of Lovesac common stock as of that time.

52.    In developing the Plan of Allocation, Lead Plaintiff's damages expert calculated the estimated amount of artificial inflation in the price of Lovesac common stock allegedly caused by Defendants' purportedly false and misleading statements and material omissions.  In calculating that estimated amount, Lead Plaintiff's expert considered price changes in the stock in reaction to the public disclosures allegedly

revealing the truth about Defendants' alleged misrepresentations and omissions, adjusting for any price changes on that day that were attributable to market or industry forces.

53.    Recognized Loss Amounts for transactions in Lovesac common stock are calculated under the Plan of Allocation based primarily on the difference in the amount of alleged artificial inflation in the stock price at the time of purchase and the time of sale or the difference between the actual purchase price and sale price.  To have a Recognized Loss Amount, a Settlement Class Member who purchased Lovesac common stock during the Class Period must have held his, her, or its shares through the close of the trading on August 16, 2023.

### CALCULATION OF RECOGNIZED LOSS AMOUNTS

54.    Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase of Lovesac common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, the Recognized Loss Amount for that transaction will be zero.

55.    For each share of Lovesac common stock purchased during the period from June 8, 2022, through August 16, 2023, inclusive, and

a)  sold on or before August 16, 2023, the Recognized Loss Amount is zero;

b)  sold after August 16, 2023, through the close of trading on November 14, 2023, the Recognized Loss Amount is ***the least of:*** (i) $0.20 per share, (ii) the purchase price per share *less* the sales price per share, or (iii) the purchase price per share *less* the average closing price per share applicable to the date of sale as found in Table A below; or

c)  held at the close of trading on November 14, 2023, the Recognized Loss Amount is ***the lesser of:*** (i) $0.20 per share or (ii) the purchase price per share *less* $19.34 per share.[3]

56.    For each share of Lovesac Securities purchased after August 16, 2023, the Recognized Loss Amount is zero.

| TABLE A | | | | | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price |
| 8/17/2023 | $23.06 | $23.06 | | 9/18/2023 | $20.61 | $22.70 | | 10/17/2023 | $17.54 | $20.70 |
| 8/18/2023 | $23.84 | $23.45 | | 9/19/2023 | $20.56 | $22.60 | | 10/18/2023 | $16.50 | $20.61 |
| 8/21/2023 | $23.33 | $23.41 | | 9/20/2023 | $20.98 | $22.53 | | 10/19/2023 | $15.83 | $20.50 |
| 8/22/2023 | $23.12 | $23.34 | | 9/21/2023 | $19.81 | $22.43 | | 10/20/2023 | $15.76 | $20.40 |
| 8/23/2023 | $23.02 | $23.27 | | 9/22/2023 | $19.81 | $22.33 | | 10/23/2023 | $14.84 | $20.28 |
| 8/24/2023 | $22.36 | $23.12 | | 9/25/2023 | $19.14 | $22.21 | | 10/24/2023 | $14.93 | $20.17 |
| 8/25/2023 | $22.34 | $23.01 | | 9/26/2023 | $18.88 | $22.09 | | 10/25/2023 | $14.45 | $20.05 |
| 8/28/2023 | $22.20 | $22.91 | | 9/27/2023 | $19.18 | $21.99 | | 10/26/2023 | $14.44 | $19.94 |
| 8/29/2023 | $22.40 | $22.85 | | 9/28/2023 | $19.78 | $21.91 | | 10/27/2023 | $15.09 | $19.84 |
| 8/30/2023 | $22.30 | $22.80 | | 9/29/2023 | $19.92 | $21.85 | | 10/30/2023 | $16.72 | $19.78 |

---

[3]  Pursuant to Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  The average (mean) closing price of Lovesac common stock during the 90-day look-back period from August 17, 2023, through November 14, 2023, inclusive, was $19.34 per share.

| TABLE A | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 8/31/2023 | $22.92 | $22.81 | | 10/2/2023 | $19.10 | $21.76 | 10/31/2023 | $16.46 | $19.72 |
| 9/1/2023 | $25.44 | $23.03 | | 10/3/2023 | $19.10 | $21.76 | 11/1/2023 | $17.12 | $19.67 |
| 9/5/2023 | $24.72 | $23.16 | | 10/4/2023 | $17.89 | $21.55 | 11/2/2023 | $17.75 | $19.64 |
| 9/6/2023 | $24.21 | $23.23 | | 10/5/2023 | $17.71 | $21.44 | 11/3/2023 | $17.56 | $19.60 |
| 9/7/2023 | $23.01 | $23.22 | | 10/6/2023 | $17.37 | $21.33 | 11/6/2023 | $16.96 | $19.55 |
| 9/8/2023 | $22.27 | $23.16 | | 10/9/2023 | $17.24 | $21.22 | 11/7/2023 | $17.50 | $19.52 |
| 9/11/2023 | $21.61 | $23.07 | | 10/10/2023 | $18.16 | $21.14 | 11/8/2023 | $18.05 | $19.49 |
| 9/12/2023 | $21.40 | $22.98 | | 10/11/2023 | $18.28 | $21.07 | 11/9/2023 | $16.97 | $19.45 |
| 9/13/2023 | $21.78 | $22.91 | | 10/12/2023 | $17.15 | $20.97 | 11/10/2023 | $16.71 | $19.41 |
| 9/14/2023 | $22.15 | $22.87 | | 10/13/2023 | $16.76 | $20.86 | 11/13/2023 | $16.30 | $19.36 |
| 9/15/2023 | $21.20 | $22.79 | | 10/16/2023 | $17.15 | $20.78 | 11/14/2023 | $18.05 | $19.34 |

## ADDITIONAL PROVISIONS

57.    The Net Settlement Amount will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶ 66 below) is $20.00 or greater.

58.    **Calculation of Claimant's "Recognized Claim":**  A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above for all purchases of Lovesac common stock during the Class Period.

59.    **FIFO Matching:**  If a Settlement Class Member made more than one purchase/acquisition or sale of Lovesac common stock during the Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis.  Class Period sales will be matched first against any holdings of Lovesac common stock at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

60.    **"Purchase/Sale" Dates:**  Purchases and sales of Lovesac common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  "Purchases" eligible under the Settlement and this Plan of Allocation include all purchases or other acquisitions of Lovesac common stock in exchange for value and are not limited to purchases made on or through a stock exchange, as long as the purchase is adequately documented.  However, the receipt or grant by gift, inheritance, or operation of law of Lovesac common stock during the Class Period shall not be deemed a purchase or sale for the calculation of a Claimant's Recognized Loss Amount; nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/sale of the stock unless (i) the donor or decedent purchased the Lovesac common stock during the Class Period; (ii) the instrument of gift or assignment specifically states that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, the decedent, or anyone else as to those shares.

61.    **Short Sales:**  The date of covering a "short sale" is deemed to be the date of purchase of Lovesac common stock.  The date of a "short sale" is deemed to be the date of sale of Lovesac common stock.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

62.    If a Claimant had an opening short position in Lovesac common stock, the earliest purchases or acquisitions of Lovesac common stock during the Class Period will be matched against such opening short position, and will not be entitled to a recovery, until that short position is fully covered.

63.    **Shares Purchased/Sold Through the Exercise of Options:**  Option contracts are not securities eligible to participate in the Settlement.  For shares of Lovesac common stock purchased or sold through the exercise of an option, the purchase/sale date of the Lovesac common stock is the exercise date of the option, and the purchase/sale price is the closing price of Lovesac common stock on the date of exercise.

64.    **Market Gains and Losses:**  The Claims Administrator will determine whether the Claimant had a "Market Gain" or a "Market Loss" on his, her, or its overall transactions in Lovesac common stock during the Class Period.  For purposes of making this calculation, the Claims Administrator will determine the difference between (i) the Claimant's Total Purchase Amount[4] and (ii) the sum of the Claimant's Total Sales Proceeds[5] and the Claimant's Holding Value.[6]  If the Claimant's Total Purchase Amount *minus* the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

65.    If a Claimant had a Market Gain from his, her, or its overall transactions in Lovesac Securities, the value of the Claimant's Recognized Claim will be zero, and the Claimant will not be eligible to receive a payment in the Settlement but will nonetheless be bound by the Settlement.  If a Claimant suffered an overall Market Loss from his, her, or its overall transactions in Lovesac Securities, but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

66.    **Determination of Distribution Amount:**  The Net Settlement Amount will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  A "Distribution Amount" will be calculated for each Authorized Claimant.  That Distribution Amount will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Amount.

67.    If an Authorized Claimant's Distribution Amount calculates to less than $20.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant because distribution would not be economically feasible in light of the distribution expenses.

68.    After the initial distribution of the Net Settlement Amount, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  If any monies remain after at least six months from the date of the initial distribution, and if Lead Counsel, in consultation with the Claims Administrator, determines that another distribution would be cost-effective, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including fees and expenses for the re-distribution, to Authorized Claimants who cashed their initial distributions and who would receive at least $20.00 from the re-distribution.  Additional re-distributions to Authorized Claimants who cashed their prior checks and who would receive at least $20.00 from additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions would be cost-effective after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions.  At such time as the re-distribution of remaining funds is not cost-effective, those funds will be contributed to a nonsectarian, not-for-profit charitable organization(s) serving the public interest, designated by Lead Plaintiff, and approved by the Court.

69.    Payment pursuant to the proposed Plan of Allocation, or such other Plan of Allocation as the Court might approve, will be conclusive against all Claimants.  No person or entity shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator, or any other agent designated by Lead

---

[4]  The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes, and commissions) for all Lovesac common stock purchased or acquired during the Class Period.

[5]  The Claims Administrator will match any sales of Lovesac common stock during the Class Period first against the Claimant's opening position in Lovesac common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (not deducting any fees, taxes, and commissions) for sales of the remaining Lovesac common stock sold during the Class Period is the "Total Sales Proceeds."

[6]  The Claims Administrator will ascribe a "Holding Value" of $23.06 per share of Lovesac common stock purchased during the Class Period that was still held as of the close of trading on August 16, 2023.

Counsel, or against Defendants' Releasees and their respective counsel, arising from distributions made substantially in accordance with the Settlement Agreement, the Plan of Allocation approved by the Court, or any order of the Court. Lead Plaintiff and Defendants, their respective counsel, and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Amount, any Plan of Allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

70.    The Plan of Allocation set forth in this Notice is the plan that Lead Plaintiff, after consultation with her damages expert, is proposing to the Court for approval. The Court may approve this plan as proposed, or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the case website, www.strategicclaims.net/lovesac.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

71.    Plaintiff's Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Settlement Class; nor have they been paid for their litigation expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiff's Counsel in an amount not to exceed 33 1/3% (one-third) of the Settlement Fund. Lead Counsel have a retention agreement with Lead Plaintiff that provides for a contingency fee to be awarded to Lead Counsel after notice to the Settlement Class and approval by the Court. When they file a motion for attorneys' fees, Lead Counsel also intend to apply for payment of litigation expenses paid or incurred by Plaintiff's Counsel in an amount not to exceed $45,000, and for the reasonable costs and expenses incurred by Lead Plaintiff directly related to her representation of the Settlement Class, pursuant to the PSLRA, in an amount not to exceed $3,500. The Court will determine the amount of any award of attorneys' fees and expenses to Plaintiff's Counsel and any PSLRA Award to Lead Plaintiff. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members will not be personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

72.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Lovesac Securities Litigation*, EXCLUSIONS, c/o Strategic Claims Services, 600 North Jackson Street, P.O. Box 230, Suite 205, Media, PA 19063. The **Request for Exclusion** must be *received* no **later than November 4, 2024**. You will not be able to exclude yourself from the Settlement Class after that date. A potential Class Member's request for exclusion must include the following information: (*i*) name, (*ii*) address, (*iii*) telephone number, (*iv*) email address, if available, (*v*) a statement that the potential Settlement Class Member wishes to request exclusion from the Settlement Class in *Gutknecht v. The Lovesac Company*, No. 3:23-cv-01640-KAD (D. Conn.), (*vi*) the number of shares of Lovesac Securities held as of opening of trading on June 8, 2022, and purchased or otherwise acquired and/or sold during the Class Period, (*vii*) price(s) paid or value at receipt, and, if sold, the sales price(s), (*viii*) the date of each such transaction involving each such security, and (*ix*) the signature of the person or entity requesting exclusion or of an authorized representative. A Request for Exclusion will not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

73.     If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Class Claim against any of the Releasees.

74.     If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Amount.

75.     Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiff and Defendants.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO PARTICIPATE IN THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

76.     **Settlement Class Members do not need to participate in the Fairness Hearing.**  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not speak at or otherwise observe the hearing.  **You can participate in the Settlement without attending the Fairness Hearing.**

77.     **Please Note:** The date and time of the Fairness Hearing might change without further written notice to the Settlement Class.  In addition, the Court might decide to conduct the Fairness Hearing by telephonic or video conference, or otherwise allow counsel for the Parties and Settlement Class Members to appear at the hearing by phone or video, without further written notice to the Settlement Class.  To find out whether the date and time of the Fairness Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, you should monitor the Court's docket and the Settlement website, www.strategicclaims.net/lovesac, before making any plans to attend the Fairness Hearing in person.  Any updates regarding the Fairness Hearing, including any changes to the date or time of the hearing or updates regarding in-person, telephonic, or video appearances, will be posted to the Settlement website, www.strategicclaims.net/lovesac.  Also, if the Court requires or allows Settlement Class Members to participate in the Fairness Hearing by telephone or video, the information for accessing the conference will be posted to the website.

78.     The Fairness Hearing will be held on **December 9, 2024, at 9:30 a.m.**, before District Judge Kari A. Dooley, either in-person at the United States Courthouse, 915 Lafayette Boulevard, Bridgeport, CT 06604, Courtroom 2, or by telephone or video, to determine, among other things, (i) whether the proposed Settlement on the terms and conditions stated in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be finally approved by the Court; (ii) whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiff should be certified as class representative for the Settlement Class, and Lead Counsel should be appointed as class counsel for the Settlement Class; (iii) whether the Action should be dismissed with prejudice against Defendants and whether the Releases specified and described in the Settlement Agreement (and in this Notice) should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; (v) whether Lead Counsel's motion for attorneys' fees and litigation expenses and Lead Plaintiff's motion for costs and expenses should be approved; (vi) any objections that Settlement Class Members have raised; and (vii) any other matters that may properly be brought before the Court in connection with the Settlement.  The Court reserves the right to certify the Settlement Class; approve the Settlement, the Plan of Allocation, and Lead Counsel's motion for attorneys' fees and litigation expenses; and/or consider any other matter related to the Settlement at or after the Fairness Hearing without further notice to the members of the Settlement Class.

79.     Any Settlement Class Member who does not request exclusion from the Settlement Class may **object** to the Settlement, the proposed Plan of Allocation, Lead Counsel's motion for attorneys' fees and expenses, or Lead Plaintiff's application for expenses.  Objections must be in writing.  You must file any **written objection**, together with copies of all other papers and briefs supporting the objection, with the

Clerk's Office at the address set forth below **on or before November 4, 2024**.  You must also serve the papers on Lead Counsel and Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before November 4, 2024**.

| Clerk's Office | Lead Counsel | Defendants' Counsel |
|---|---|---|
| Clerk of Court | The Rosen Law Firm, P.A. | Proskauer Rose LLP |
| United States District Court | Jacob A. Goldberg, Esq. | Jonathan E. Richman, Esq. |
| District of Connecticut | Leah Heifetz-Li, Esq. | Julia D. Alonzo, Esq. |
| 915 Lafayette Boulevard | 101 Greenwood Ave., Suite 440 | Eleven Times Square |
| Bridgeport, CT  06604 | Jenkintown, PA  19046 | New York, NY 10036-8299 |

You must also *email* the objection and any supporting papers on or before November 4, 2024, to jgoldberg@rosenlegal.com, lheifetz@rosenlegal.com, jerichman@proskauer.com, and jalonzo@proskauer.com.

80.    Any objection must state the specific reason(s), if any, for each objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of such objection, and must state whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class.  In addition to the reason(s) for the objection, an objection must also include the name and docket number of this case (*Gutknecht v. The Lovesac Company*, No. 3:23-cv-01640-KAD (D. Conn.)) and the following information about the objecting Settlement Class Member:  (*i*) name, (*ii*) address, (*iii*) telephone number, (*iv*) email address, if available, (*v*) number of shares of Lovesac Securities held as of opening of trading on June 8, 2022, and purchased or otherwise acquired and/or sold during the Class Period, (*vi*) price(s) paid or value at receipt, and, if sold, the sales price(s), (*vii*) the date of each such transaction involving each such security, and (*viii*) account statements verifying all such transactions.  You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

81.    You may file a written objection without having to speak at the Fairness Hearing.  You may not, however, speak at the Fairness Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

82.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and expenses, and if you have timely filed and served a written objection as described above, you must also file a **notice of appearance** with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 79 above so that it is *received* **on or before November 4, 2024**.  Persons who intend to object and present evidence at the Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they might call to testify and any exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

83.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Fairness Hearing.  However, if you decide to hire an attorney, you may do so at your own expense, and that attorney must file a **notice of appearance** with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 79 above so that the notice is *received* **on or before November 4, 2024**.

84.    **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and will be forever foreclosed from objecting to the proposed Settlement, the proposed Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and expenses, and Lead Plaintiff's motion for expenses.  Settlement Class Members do not need to appear at the Fairness Hearing or take any other action to indicate their approval of the proposed Settlement.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

85.    If you purchased or otherwise acquired Lovesac Securities during the period from June 8, 2022, through August 16, 2023, inclusive, for the beneficial interest of persons or entities other than yourself, you must, within seven (7) calendar days after receipt of this Notice or the short-form Postcard Notice (whichever is earlier), either (i) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and then, within seven (7) calendar days after receipt of those Postcard Notices, forward them to all such beneficial owners or (ii) provide a list of the names, addresses, and email addresses (if available) of all such beneficial owners to *Lovesac Securities Litigation*, c/o Strategic Claims Services, 600 North Jackson Street, Suite 205, Media, PA 19063, or info@strategicclaims.net.  If you choose the second option, the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners you have identified.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, up to either (x) $0.03 per Postcard Notice actually mailed or emailed plus postage for mailings at the rate used by the Claims Administrator or (y) $0.03 per name, address, and email address provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the Settlement website, www.strategicclaims.net/lovesac, by calling the Claims Administrator toll-free at 1-866-274-4004, or by emailing the Claims Administrator at info@strategicclaims.net.

## CAN I SEE THE COURT FILE?
## WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

86.    This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you should review the papers on file in the Action, including the Settlement Agreement, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the District of Connecticut, 915 Lafayette Boulevard, Bridgeport, CT 06604.  The Court file also is available online if you have access to the Court's PACER system.  Additionally, copies of the Complaint, the Settlement Agreement, and any related orders entered by the Court will be posted on the Settlement website, www.strategicclaims.net/lovesac.

All inquiries concerning this Notice and the Claim Form should be directed to:

| | | |
|---|---|---|
| *Lovesac Securities Litigation* | | Jacob A Goldberg, Esq. |
| c/o Strategic Claims Services | | Leah Heifetz-Li, Esq. |
| 600 North Jackson Street | | The Rosen Law Firm, P.A. |
| Suite 205 | and/or | 101 Greenwood Avenue, Suite 440 |
| Media, PA  19063 | | Jenkintown, PA  19046 |
| 1 (866) 274-4004 | | (215) 600-2817 |
| info@strategicclaims.net | | jgoldberg@rosenlegal.com |
| www.strategicclaims.net/lovesac | | lheifetz@rosenlegal.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL ABOUT THIS NOTICE.**

Dated: August 1, 2024

By Order of the Court
United States District Court
District of Connecticut

*Lovesac Securities Litigation*
**Toll-Free Number:  1-866-274-4004**
**Email:  info@strategicclaims.net**
**Website:  www.strategicclaims.net/lovesac**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Amount in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and either (*i*) file it electronically at www.strategicclaims.net/lovesac so that it *received* **no later than November 8, 2024, at 11:59 p.m. ET**, or (*ii*) mail it by first-class mail to the address below, with supporting documentation, *postmarked* **no later than November 8, 2024**.

**Mail to:**

*Lovesac Securities Litigation*
**c/o Strategic Claims Services**
**600 North Jackson Street**
**Suite 205**
**Media, PA  19063**

*You need to submit this Claim Form if you want to make a claim to share in the settlement payment in this lawsuit.  If you fill out this Claim Form in accordance with the instructions below, you might be eligible to receive a cash payment if the Court approves the proposed Settlement.*

If you do not submit your Claim Form by the date specified, your claim might be rejected, and you might be precluded from being eligible to receive a payment from the Settlement.

Do not mail or deliver your Claim Form to the Court, Lead Counsel, Defendants' Counsel, or any of the Parties to the Action.  Submit your Claim Form only to the Claims Administrator at the address set forth above.

| **TABLE OF CONTENTS** | **PAGE #** |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **19** |
| **PART II – GENERAL INSTRUCTIONS** | **20** |
| **PART III – SCHEDULE OF TRANSACTIONS IN LOVESAC COMMON STOCK (NASDAQ TICKER: LOVE; CUSIP: 54738L109)** | **23** |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | **24** |

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications about this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name
First Name                                                           Last Name

Joint Beneficial Owner's Name (*if applicable*)
First Name                                                           Last Name

If this claim is submitted for an IRA, and if you would like any check that you might be eligible to receive to be made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

City                                                    State/Province    Zip Code

Foreign Postal Code (if applicable)            Foreign Country (if applicable)

Telephone Number (Day)                         Telephone Number (Evening)

Email Address (email address is not required, but, if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s)     ☐ Corporation     ☐ UGMA Custodian     ☐ IRA

☐ Partnership      ☐ Estate          ☐ Trust              ☐ Other  (describe: _____)

19

**PART II – GENERAL INSTRUCTIONS**

1.  You should completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement, (II) Settlement Fairness Hearing, and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Amount set forth in the Notice.  That Notice describes the proposed Settlement, how Settlement Class Members are affected by it, and how the Net Settlement Amount will be distributed if the Court approves the Settlement and Plan of Allocation.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and understand the Notice, including the terms of the releases provided for in this Claim Form.

2.  By submitting this Claim Form, you will be asking to receive a payment from the Settlement described in the Notice.  **If you are not a Settlement Class Member** (*see* the definition of the Settlement Class on page 6 of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), **or if you or someone acting on your behalf submitted a request for exclusion from the Settlement Class, do not submit a Claim Form**.  You cannot directly or indirectly participate in the Settlement if you are not a Settlement Class Member.  If you are excluded from the Settlement Class, any Claim Form that you submit, or that might be submitted on your behalf, will be rejected.

3.  **Submission of this Claim Form does not guarantee that you will receive a payment from the Settlement.  The distribution of the Net Settlement Amount will be governed by the Plan of Allocation in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.  Use the Schedule of Transactions in Part III of this Claim Form to supply all required details about your transaction(s) in and holdings of common stock of The Lovesac Company ("Lovesac").  On this schedule, please provide all the requested information about your holdings, purchases, acquisitions, and sales of Lovesac Securities (including free transfers and deliveries), whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time period could result in the rejection of your claim.**

5.  **Please note**: Only Lovesac Securities (meaning common stock) purchased during the Class Period (*i.e.*, from June 8, 2022, through August 16, 2023, inclusive) are eligible under the Settlement.  However, sales of Lovesac Securities during the period from August 17, 2023, through and including the close of trading on November 14, 2023, will be used to calculate your claim under the Plan of Allocation. Although purchases and acquisitions during the period from August 17, 2023, through November 14, 2023, are not eligible for payment, you must provide information about them so that the Claims Administrator can balance your claim – *i.e.*, confirm that all transactions have been included by checking whether (a) the number of shares you held at the opening of trading on June 8, 2022, *plus* the number of shares you purchased/acquired from June 8, 2022, through November 14, 2023, *is equal to* (b) the number of shares you sold from June 8, 2022, through November 14, 2023, *plus* the number of shares you held at the close of trading on November 14, 2023.

6.  You must submit genuine and sufficient documentation for all your transactions in and holdings of Lovesac Securities as set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Lovesac Securities.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MIGHT RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims**

20

**Administrator. Also, do not mark or highlight any portion of the Claim Form or any supporting documents.**

7. Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of the Lovesac Securities. The complete name(s) of the beneficial owner(s) must be entered. If you held the Lovesac Securities in your own name, you were the beneficial owner as well as the record owner. If, however, your Lovesac Securities were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of the stock, but the third party was the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement. If there were joint beneficial owners, each must sign this Claim Form, and their names must appear as "Claimants" in Part I of this Claim Form.

8. **One Claim should be submitted for each separate legal entity.** Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity, no matter how many separate accounts that entity has (*e.g.*, a person or corporation with multiple brokerage accounts should include on one Claim Form all transactions made in all accounts).

9. Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a) expressly state the capacity in which they are acting;

(b) identify the name, account number, last four digits of the Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting as to) the Lovesac Securities; and

(c) furnish evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers' demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

10. By submitting a signed Claim Form, you will be swearing that you:

(a) own(ed) the Lovesac Securities you listed in the Claim Form; or

(b) are expressly authorized to act on behalf of the owner of that stock.

11. By submitting a signed Claim Form, you will be swearing to the truth of the statements it contains and the genuineness of the documents attached to it, subject to penalties of perjury under the laws of the United States of America. Making false statements or submitting forged or fraudulent documentation will result in the rejection of your claim and could subject you to civil liability or criminal prosecution.

12. If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

13. **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant will receive his, her, or its *pro rata* share of the Net Settlement Amount. If the prorated payment to any Authorized Claimant calculates to less than $20.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

14. If you have questions about the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Strategic Claims Services, at the above address, by email at info@strategicclaims.net, or by toll-free phone at 1-866-274-4004, or you can visit the Settlement

21

website, www.strategicclaims.net/lovesac, where copies of the Claim Form and Notice are available for downloading.

15. NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with authority to file on behalf of (a) accounts of multiple Settlement Class Members and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their transactions in an electronic spreadsheet format. (This is different than the online claim portal on the Settlement website.) To obtain the *mandatory* electronic filing requirements and file layout, you may visit the Settlement website at www.strategicclaims.net, or you may email the Claims Administrator's electronic filing department at efile@strategicclaims.net. **Any file not in accordance with the required electronic filing format will be subject to rejection.** All Representative Filers MUST also submit a manually signed Claim Form for each Settlement Class Member, as well as proof of authority to file, along with the electronic spreadsheet format. Only one claim should be submitted for each separate legal entity (*see* ¶ 8 above), sub-accounts should be rolled up into a parent account if the sub-accounts contain the same tax identification number, and the *complete* name of the beneficial owner of the securities must be entered where called for (*see* ¶ 7 above). No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect. **Do not assume that your file has been received until you receive that email. If you do not receive such an email within 10 days after your submission, you should contact the electronic filing department at efile@strategicclaims.net to inquire about your file and confirm it was received.**

16. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.strategicclaims.net/lovesac. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator before filing. You will receive an automated e-mail confirming receipt once your Claim Form has been submitted. If you are unsure whether you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004. If you are not a Representative Filer but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

### IMPORTANT:  PLEASE NOTE

**If you file your claim electronically, your claim will be deemed filed when you receive a confirmation notice from the Claims Administrator. If you file your claim by first-class mail, your claim will be deemed filed when it is postmarked, but the Claim Form must actually be received by the Claims Administrator before Lead Counsel moves for a court order allowing distribution of the Net Settlement Amount. If you submit your claim by first-class mail, you must send it Certified, Return Receipt Requested, if you want confirmation that it has been received, or you may contact the Claims Administrator by phone or email for confirmation.**

22

### PART III – SCHEDULE OF TRANSACTIONS IN LOVESAC SECURITIES

Use this section to provide information on your holdings and trading of Lovesac Securities (NASDAQ Ticker Symbol: LOVE; CUSIP: 54738L109) during the requested time periods.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, ¶ 6 above.

| | |
|---|---|
| **1.  HOLDINGS AS OF JUNE 8, 2022**– State the total number of Lovesac Securities held as of the **opening** of trading on June 8, 2022. (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |

**2.  PURCHASES/ACQUISITIONS FROM JUNE 8, 2022 THROUGH AUGUST 16, 2023** – Separately list each and every purchase or acquisition (including free receipts) of Lovesac Securities from after the opening of trading on June 8, 2022 through the close of trading on August 16, 2023.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase Price Per Share | Total Purchase Price (excluding any fees, commissions, and taxes) | Result of an Option Transaction? (Yes/No) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|---|
| /    / | | $ | $ | | ○ |
| /    / | | $ | $ | | ○ |
| /    / | | $ | $ | | ○ |
| /    / | | $ | $ | | ○ |

**3.  PURCHASES/ACQUISITIONS FROM AUGUST 17, 2023 THROUGH NOVEMBER 14, 2023** – State the total number of Lovesac Securities purchased or acquired (including free receipts) from August 17, 2023 through the close of trading on November 14, 2023.  If none, write "zero" or "0." _____

| | |
|---|---|
| **4.  SALES FROM JUNE 8, 2022 THROUGH NOVEMEBER 14, 2023** – Separately list each and every sale or disposition (including free deliveries) of Lovesac Securities from after the opening of trading on June 8, 2022 through and including the close of trading on November 14, 2023.  (Must be documented.) | **IF NONE, CHECK HERE** ○ |

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any fees, commissions, and taxes) | Result of an Option Transaction? (Yes/No) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|---|
| /    / | | $ | $ | | ○ |
| /    / | | $ | $ | | ○ |
| /    / | | $ | $ | | ○ |
| /    / | | $ | $ | | ○ |

| | |
|---|---|
| **5.  HOLDINGS AS OF NOVEMBER 14, 2023** – State the total number of Lovesac Securities held as of the **close** of trading on November 14, 2023.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |

**IF YOU NEED ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.  ☐**

23

**PART IV - RELEASE OF CLAIMS AND SIGNATURE**

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW
AND SIGN ON PAGE 25 OF THIS CLAIM FORM.**

1. I (we) hereby acknowledge that, pursuant to the terms of the Settlement Agreement, without further action by anyone, upon the Final Settlement Date, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such ("Releasors"), or any person purporting to assert a Released Class Claim on behalf of, for the benefit of, or derivatively for any such Releasors, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Approval Order and the Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged:

   a. all Released Class Claims (as defined in the Notice) against each and every one of the Releasees (as defined in the Notice);

   b. all Claims, damages, and liabilities as to each and every one of the Releasees to the extent that any such Claims, damages, or liabilities relate in any way to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written statements or representations in connection with, or directly or indirectly relating to, (*i*) the prosecution, defense, or settlement of the Action, (*ii*) the Settlement Agreement or its implementation, (*iii*) the Settlement terms and their implementation, (*iv*) the provision of notice in connection with the proposed Settlement, and/or (*v*) the resolution of any Claim Forms submitted in connection with the Settlement; and

   c. all Claims against any of the Releasees for attorneys' fees, costs, or disbursements incurred by Plaintiff's Counsel or any other counsel representing Lead Plaintiff or any other Settlement Class Member in connection with or related in any manner to the Action, the settlement of the Action, or the administration of the Action and/or its Settlement, except to the extent otherwise specified in the Settlement Agreement.

2. In addition, the Judgment and Approval Order will provide that:

   a. all Settlement Class Members (and their attorneys, accountants, agents, heirs, executors, administrators, trustees, predecessors, Affiliates, representatives, and assigns) who have not validly and timely requested exclusion from the Settlement Class – and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of such persons or entities – are permanently enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefit or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in the Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, as to the Releasees based on or relating to the Released Class Claims; and

   b. all persons and entities are permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) or other proceeding on behalf of any Settlement Class Members as to the Releasees, if such other lawsuit is based on or related to the Released Class Claims.

24

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.   I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.   The claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.   The claimant(s) did *not* submit a request for exclusion from the Settlement Class;

4.   I (we) own(ed) the Lovesac Securities identified in the Claim Form and have not assigned the claim against any of the Defendants or any other Releasees to another person or entity, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.   The claimant(s) has (have) not submitted any other claim covering the same purchases of Lovesac Securities and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.   The claimant(s) submit(s) to the jurisdiction of the Court with respect to the claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.   I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court might require;

8.   The claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this claim, and waives any right of appeal or review with respect to such determination;

9.   I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10. The claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, it, or they is (are) subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, it, or they is (are) no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence stating that the claim is not subject to backup withholding in the certification above.**

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____                          _____
Signature of claimant                                                                                           Date

_____
Print claimant name here

_____                          _____
Signature of joint claimant, if any                                                                       Date

_____
Print joint claimant name here

25

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____
Signature of person signing on behalf of claimant                                                                                    Date


_____
Print name of person signing on behalf of claimant here


_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see ¶ 9 on page 21 of this Claim Form.)

26

# REMINDER CHECKLIST

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, **both** must sign.

2. Attach only *copies* of acceptable supporting documentation, as these documents will not be returned to you.  Keep the original documents.

3. Do not mark or highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. If you file your claim electronically, the Claims Administrator will send you a notice confirming receipt.  If you file your claim by first-class mail, **you must send it Certified, Return Receipt Requested, for confirmation of delivery, or you may call or email the Claims Administrator at (866) 274-4004, info@strategicclaims.net for confirmation**.

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns about your claim, contact the Claims Administrator at the address below, by email at info@strategicclaims.net, or by toll-free phone at 1-866-274-4004, or you may visit www.strategicclaims.net/lovesac.  DO NOT call Lovesac or its counsel with questions regarding your claim.

THIS CLAIM FORM MUST EITHER BE FILED ELECTRONICALLY AT WWW.STRATEGICCLAIMS.NET/LOVESAC NO LATER THAN **NOVEMBER 8, 2024, AT 11:59 P.M. ET**, OR BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, *POSTMARKED* **NO LATER THAN NOVEMBER 8, 2024,** ADDRESSED AS FOLLOWS:

*Lovesac Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 North Jackson Street
Suite 205
Media, PA  19063

A Claim Form filed electronically will be deemed to have been submitted when you receive a confirmation notice from the Claims Administrator.  A Claim Form sent by first-class mail will be deemed to have been submitted when postmarked.

The Claims Administrator will need a significant amount of time to fully process all Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

Lovesac Securities Litigation
c/o Strategic Claims Services
600 North Jackson St., Ste. 205
Media, PA  19063

**IMPORTANT LEGAL NOTICE – PLEASE FORWARD**

**EXHIBIT B**

<u>REQUEST FOR NAMES, EMAILS AND ADDRESSES OF CLASS MEMBERS</u>
STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202        EMAIL: info@strategicclaims.net        FAX: (610) 565-7985

August 26, 2024

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential Settlement Class Members.

**We request that you assist us in identifying any individuals/entities who fit the following description:**

ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED COMMON STOCK OF THE LOVESAC COMPANY ("LOVESAC") FROM JUNE 8, 2022 THROUGH AUGUST 16, 2023, INCLUSIVE.

Excluded from the Settlement Class are (i) all officers and directors of Lovesac during the Class Period (including Shawn Nelson and Donna Dellomo); (ii) Lovesac's Affiliates, subsidiaries, successors, and predecessors; (iii) any entity in which Lovesac or any other Defendant has or had during the Class Period a Controlling Interest; and (iv) for the individuals identified in subpart(s) (i), (ii), and/or (iii), their Family Members, legal representatives, heirs, successors, and assigns.

**The information below may assist you in finding the above requested information.**

| | |
|---|---|
| *Lovesac Securities Litigation*<br>No. 3:23-cv-01640-KAD<br>Exclusion Deadline: November 4, 2024<br>Objection Deadline: November 4, 2024<br>Claim Filing Deadline: November 8, 2024<br>Fairness Hearing: December 9, 2024 | Cusip Number: 54738L109<br>Ticker Symbol: NASDAQ: LOVE |

<u>PER COURT ORDER, PLEASE RESPOND WITHIN 7 CALENDAR DAYS FROM THE DATE OF THIS NOTICE.</u>

Please comply in one of the following ways:
1. If you have no beneficial purchasers/owners, please so advise us in writing; or
2. **Supply us with names, last known addresses, and email addresses (to the extent known)** of your beneficial purchasers/owners and we will do the emailing or mailing of the Postcard Notice. Please provide us this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3. Advise us of how many beneficial purchasers/owners you have, and we will supply you with ample postcards to do the mailing. After the receipt of the Postcard Notice, you have seven (7) calendar days to mail them; or
4. Request a copy of the Postcard Notice and email a copy to each of your beneficial purchasers/owners within seven (7) calendar days after receipt thereof.

You can bill us for any reasonable expenses actually incurred and **not to exceed**:

- **$0.03 per Postcard Notice emailed,** OR
- **$0.03 per name, address and email address** if you are providing us the records, OR
- **$0.03 per name and address, including materials, plus postage at the rate used by the Claims Administrator** if you are requesting the Postcard Notice and performing the mailing.

**All invoices must be received within 30 days of this letter**.

You are on record as having been notified of the legal matter. A copy of the long Notice of (I) Pendency of Class Action and Proposed Settlement, (II) Settlement Fairness Hearing, and (III) Motion for Attorneys' Fees and Litigation Expenses and the Proof of Claim and Release Form and other important case-related documents are available on our website at www.strategicclaims.net/lovesac. You can also request a copy via email at info@strategicclaims.net.

Thank you for your prompt response.

Sincerely,

Claims Administrator
Lovesac Securities Litigation

Ovcabis Securities Litigation
c/o Strategic Claims Services
600 North Jackson St., Suite 205
Media, PA  19063

**Court-Ordered Legal Notice
Forwarding Service Requested**

Case No. 3:23-cv-01640-KAD (D. Conn.)

PRESORTED
FIRST-CLASS
MAIL U.S.
POSTAGE PAID

*Important Notice about a Securities
Class Action Settlement*

[NAME 1]
[NAME 2]

*You might be entitled to a
payment.*
*This Notice might affect your legal
rights.*

[NAME 3]
[ADDRESS 1]
[ADDRESS 2]

*Please read it carefully.*

Lovesac Securities Litigation — Case No. 3:23-cv-01640-KAD

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*VISIT WWW.STRATEGICCLAIMS.NET/LOVESAC OR CALL 1-866-274-4004 FOR MORE INFORMATION.*

The U.S. District Court for the District of Connecticut (the "Court") has preliminarily approved a proposed Settlement of claims against The Lovesac Company ("Lovesac") and two of its present or former officers (collectively, "Defendants"). The proposed Settlement would resolve a securities class action alleging that Defendants made false and/or misleading misstatements and/or omissions concerning Lovesac's financial condition and accounting. Defendants deny the allegations.

You received this notice because you might have purchased or acquired Lovesac common stock between June 8, 2022, and August 16, 2023, inclusive, and you might be a Settlement Class Member. The Settlement provides that, in exchange for the dismissal and release of claims against Defendants, a fund consisting of $615,000, less attorneys' fees and expenses, will be divided among Settlement Class Members who timely submit valid Claim Forms. The average recovery per share could be $0.09 before deduction of fees and expenses. The actual amount disbursed to Settlement Class Members who participate in the Settlement might be more or less than that amount. Plaintiff and Defendants disagree as to the amount per share that would be recoverable if Plaintiff prevailed on each claim at trial. Plaintiff believes that the proposed Settlement is fair, reasonable, and in the best interests of the Settlement Class considering the strengths and weaknesses of the claims, the uncertainties and delays of complex litigation, and the concrete benefits provided by the Settlement. Defendants have agreed to settle to avoid the continuing burden and expense of litigation. For a full description of the Settlement and your rights and to make a claim, please read the Stipulation of Settlement and obtain a copy of the Notice of (I) Pendency of Class Action and Proposed Settlement, (II) Settlement Fairness Hearing, and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice") and Claim Form by visiting www.strategicclaims.net/lovesac (the "Website"). You may request copies of the Notice and Claim Form by: (1) mail to Lovesac Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 North Jackson Street, Suite 205, Media, PA 19063; (2) toll-free telephone call to (866) 274-4004; or (3) email to info@strategicclaims.net.

To qualify for payment, you must submit a Claim Form, which can be found on the Website. CLAIM FORMS ARE DUE BY NOVEMBER 8, 2024, and should be mailed to the Claims Administrator's address above or submitted electronically through the Website. If you do not want to be legally bound by the Settlement, you must exclude yourself by November 4, 2024. If you exclude yourself, you cannot get money from this Settlement or object to it. If you stay in the Settlement, you may object to it by November 4, 2024. The Notice explains how to exclude yourself or to object.

The Court will hold a hearing on December 9, 2024, at 9:30 a.m. ET, at the United States Courthouse, 915 Lafayette Boulevard, Bridgeport, CT 06604, Courtroom 2, to consider whether to approve the Settlement, the Plan of Allocation, a request by Lead Counsel for no more than 33.33% (one-third) of the Settlement Fund for their attorneys' fees, plus up to $45,000 in expenses, and an award to Plaintiff of no more than $3,500 for litigating the case and negotiating the Settlement. The requests for awards of fees and expenses amount to approximately $0.04 per affected share. Lead Counsel for the Settlement Class are Jacob Goldberg and Leah Heifetz-Li, of The Rosen Law Firm, P.A., 101 Greenwood Avenue, Suite 440, Jenkintown, PA 19046, (215) 600-2817. You may, but do not have to, attend the hearing and ask to be heard by the Court. The Court reserves the right to hold the Fairness Hearing telephonically or by other virtual means and to change the hearing date. Please check the Website for current information.

**EXHIBIT D**

**sevans@strategicclaims.net**

| | |
|---|---|
| **From:** | donotreply@globenewswire.com |
| **Sent:** | Friday, September 13, 2024 8:01 AM |
| **To:** | sevans@strategicclaims.net |
| **Cc:** | jbravata@strategicclaims.net; sevans@strategicclaims.net; lrosen@rosenlegal.com |
| **Subject:** | GlobeNewswire Release Distribution Confirmation: The Rosen Law Firm PA |



# Release Distribution Confirmation

**The Rosen Law Firm, P.A. Announces Proposed Class Action Settlement on Behalf of Purchasers of Common Stock of The Lovesac Company – LOVE**

*Cross time: **09/13/24 08:00 AM ET: Eastern Time** - View release on GlobeNewswire.com*

This email message serves as a formal confirmation that your release was transmitted on GlobeNewswire's distribution network as requested, including any fax or email broadcasts.

If you have any questions, comments or concerns, please reply to this message, contact your account manager, or call our Customer Service Center at 800-307-6627, or 310-642-6930

This message was distributed by GlobeNewswire.

2321 Rosecrans Ave. Ste 2200, El Segundo, CA, 90245, USA. +1-800-307-6627. www.globenewswire.com

You received this email because you have an account with GlobeNewswire.

If you have any questions, please send an email to support@globenewswire.com or Contact Us