**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ALBERT GUTKNECHT, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>THE LOVESAC COMPANY, SHAWN NELSON, and DONNA DELLOMO,<br><br>    Defendants. | Case No. 3:23-cv-01640-KAD |

**DECLARATION OF LEAH HEIFETZ-LI CONCERNING ATTORNEY'S FEES AND EXPENSES**

I, Leah Heifetz-Li, declare the following to the best of my knowledge pursuant to 28 U.S.C. §1746: [1]

1.    I am an attorney admitted *pro hac vice* before this Court (ECF No. 36). I am an associate of the law firm of The Rosen Law Firm, P.A. ("Rosen Law"), court-appointed Lead Counsel for Lead Plaintiff Susan Cooke Peña ("Lead Plaintiff" or "Plaintiff") and the Settlement Class in this litigation ("Action"). I have personal knowledge of the matters set forth herein, and, if called upon, I could and would completely testify thereto.

2.    A copy of Rosen Law's resume is attached to the Declaration of Leah Heifetz-Li In Support of (1) Final Approval of Proposed Class Action Settlement; and (2) Award of Attorneys' Fees, Reimbursement of Expenses, and Award to Plaintiff as Exhibit 4.

---

[1] Unless otherwise indicated, all capitalized terms herein shall have the same meanings as set forth in the Stipulation of Settlement dated July 30, 2024 and filed July 31, 2024. (ECF No. 45-3.)

1

3.      Over the course of this litigation, Rosen Law devoted significant time and effort to prosecuting this action, including, among other work:

- investigating and analyzing the allegations in preparing the amended complaint in the Action, including, among other means:

  - reviewing press releases, news articles, earnings call transcripts, and other public statements issued by or concerning Defendants;

  - researching reports issued by financial analysts concerning Lovesac's business and financial performance;

  - extensive review and analyses of Defendants' filings with the SEC;

  - engaging a damages consulting expert to analyze damages;

  - retaining a private investigator to locate witnesses and conduct interviews; and

  - interviewing witnesses with personal knowledge of the facts alleged in the Complaint.

- drafting the amended complaint;

- engaging in good faith, arm's-length negotiations, leading to the Settlement;

- preparing Plaintiff's Motion for Preliminary Approval of Class Action Settlement and related documents;

- conducting due-diligence discovery by reviewing internal Lovesac documents;

- working with consulting experts to prepare the Plan of Allocation;

- overseeing the notice process that the Court approved; and

- drafting Plaintiff's Motion for Final Approval of Class Action Settlement and related documents.

4.      The chart below summarizes the hours, rate, and lodestar of each Rosen Law Firm attorney and professional staff who worked on this matter.

5.      The total number of hours spent on the litigation of the Action by my firm through today's date is 322.4. The total lodestar amount for attorney time based on the firm's current rates is $285,585.00. A breakdown of the lodestar is set forth in the chart below:

**Total Hours and Lodestar**

| NAME AND STATUS | TOTAL HOURS | RATE | TOTAL LODESTAR |
|---|---|---|---|
| Jacob A. Goldberg (P) | 38.9 | $1,150 | $44,542.50 |
| Phillip Kim (P) | 0.6 | $1,150 | $637.50 |
| Leah Heifetz-Li (A) | 282.6 | $850 | $240,210.00 |
| Scott Kim (A) | 0.3 | $650 | $195.00 |
| **Total:** | **322.4** | | **$285,585.00** |

(P) - Partner; (A) – Associate

6.      My firm incurred a total of $37,398.28 in unreimbursed expenses in connection with the prosecution of this litigation, including anticipated expenses associated with this Motion. They are broken down as follows:

| Category | Amount |
|---|---|
| Investigator Fees | $12,358.50 |
| Online Computer Legal Research and Document Retrieval Fees | $106.85 |
| *Pro Hac Vice* and Certificate of Good Standing Fees | $50.00 |
| Financial Expert Fees | $11,555.00 |
| Press Releases and Notice to Class Members Fees | $13,216.00 |
| Travel, Transportation, Hotels, and Meals Fees | $111.93 |
| **TOTAL EXPENSES** | **$37,398.28** |

7.    The expenses incurred are reflected in the books and records contemporaneously prepared by the firm. These books and records are prepared from expense vouchers, invoices, and other billing records, and are an accurate record of the expenses incurred. I have reviewed the expenses for which reimbursement is sought and confirmed that they were reasonably necessary for the effective and efficient prosecution and resolution of the litigation and reasonable in amount. The expenses are all of a type that would normally be charged to a fee-paying client in the private legal marketplace.

8.    My firm's compensation for services rendered and out-of-pocket expenses incurred in this case was and is entirely contingent on the success of the prosecution of the Action, and on the Court's approval of the fee and expense application. None of the attorneys' fees and expenses submitted to this Court has been paid from any source or has been the subject of any prior request or prior award in any litigation or other proceeding.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of October, 2024, in Guilford, Connecticut.

*/s/ Leah Heifetz-Li*
Leah Heifetz-Li