**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ALBERT GUTKNECHT, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>THE LOVESAC COMPANY, SHAWN NELSON, and DONNA DELLOMO,<br><br>    Defendants. | Case No. 3:23-cv-01640-KAD |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTIONS FOR: (1) FINAL APPROVAL OF**
**CLASS ACTION SETTLEMENT; AND (2) AN AWARD OF ATTORNEYS' FEES,**
**REIMBURSEMENT OF LITIGATION EXPENSES,**
**AND AWARD TO PLAINTIFF**

Lead Plaintiff Susan Cooke Peña ("Lead Plaintiff" or "Plaintiff"), on behalf of herself and the Settlement Class, respectfully submits this reply memorandum of law in further support of her motions for: (1) final approval of the $615,000 class action Settlement; and (2) an award of attorneys' fees of one-third (33⅓%) of the Settlement Amount ($205,000), reimbursement of expenses of $37,798.28, and a compensatory award of $3,500 to Plaintiff. In further support of her motion for final approval, Plaintiff also submits the November 26, 2024, Supplemental Declaration of Sarah Evans Concerning: (A) Mailing and Emailing of Notice; and (B) Report on Requests for Exclusion and Objections; and (C) Claims Received to Date ("Supp. Evans Decl."), filed herewith as Exhibit 1. Unless otherwise defined, all capitalized terms used herein have the meanings ascribed to them in the Stipulation of Settlement filed with the Court on July 31, 2024 (ECF No. 45-3).

The deadline for Settlement Class Members to opt out of the Settlement Class, or to object to the Settlement, Plan of Allocation, requested attorneys' fees and expenses, or requested awards to Plaintiffs, was November 4, 2024. (Supp. Evans Decl. ¶¶8-9). Strategic Claims Services ("SCS"), the Claims Administrator, received no valid requests for exclusion and one invalid request for exclusion.[1] (Supp. Evans Decl. ¶8). No member of the Settlement Class has objected to the Settlement or to the request for attorneys' fees, reimbursement of expenses, or award to Plaintiff. (Supp. Evans Decl. ¶9).

The reaction of the Settlement Class supports approval of the Settlement and the requested attorneys' fees, expenses, and awards to Plaintiff. The Court should, therefore, enter the [Proposed]

---

[1] The exclusion request is invalid because the requestor is not a Settlement Class Member based on the information provided in their exclusion request. *See* Supp. Evans Decl., ¶8.

Order Approving Class Action Settlement (ECF No. 45-3, Pages 77-99) and [Proposed] Judgment (ECF No. 45-3, Pages 100-102).

## I.    Plaintiffs and the Claims Administrator Executed the Notice Program as the Court Ordered

Pursuant to the Preliminary Approval Order, SCS timely executed the Court-approved notice program. To date, SCS has notified 34,177 potential Settlement Class Members either by mailed or emailed Postcard Notice. (Supp. Evans Decl. ¶3). The Claims Administrator continues to maintain a toll-free line and website dedicated to the Settlement, https://www.strategicclaims.net/lovesac/. *Id*. ¶¶6, 7.

As the Court ordered, the Postcard Notice, Long Notice, and Summary Notice all informed potential Settlement Class Members of (i) their rights to participate in the Settlement, (ii) the procedure to file a Proof of Claim, (iii) the procedure to submit an objection to any aspect of the Settlement or to the requested awards of attorneys' fees, expenses, or awards to Plaintiff, and (iv) the procedure to request exclusion from the Settlement Class. The Court should finally approve the notice program it ordered and Plaintiff, through the Claims Administrator, executed as the best practicable in these circumstances.

## II.    The Lack of Objections Supports Final Approval

A small number of objections to a settlement "support a finding that the Settlement is fair, reasonable, and adequate. [T]he favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry into the fairness and adequacy of the Settlement." *In re Signet Jewelers Ltd. Sec. Litig.*, 2020 WL 4196468, at *6 (S.D.N.Y. July 21, 2020) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 119 (2d Cir. 2005)); *see also Allred on Behalf of Aclaris Therapeutics, Inc. v. Walker*, 2021 WL 5847405, at *5 (S.D.N.Y. Dec. 9, 2021 (same); *In re FLAG Telecom Holdings, Ltd. Sec.*

*Litig.*, 2010 WL 4537550, at \*16 (S.D.N.Y. Nov. 8, 2010) ("The absence of objections to the Settlement supports the inference that it is fair, reasonable and adequate").

Further, the lack of any objection to the requested attorneys' fees and expenses, which were included in the Notice, supports awarding the amounts requested. *See In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at \*10 (S.D.N.Y. Nov. 7, 2007) (class members' reaction to a fee and expense request "is entitled to great weight by the Court" and the absence of any objection "suggests that the fee request is fair and reasonable") (citation omitted); *In re Telik, Inc. Sec. Litig.,* 576 F. Supp.  2d 570, 594 (S.D.N.Y. 2008) ("That only one objection to the fee request was received is powerful evidence that the requested fee is fair and reasonable.").

The positive reaction of the Settlement Class, therefore, supports final approval of the Settlement, the Plan of Allocation, the award of attorneys' fees, the reimbursement of expenses, and award to Plaintiff.

**III.    The Lack of Valid Exclusion Requests Supports Final Approval**

The deadline to opt out of the Settlement Class was November 4, 2024. SCS has received only one request for exclusion, which turned out to be invalid. (Supp. Evans Decl. ¶8).

That no Settlement Class Member submitted a valid exclusion request supports final approval. *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 619 (S.D.N.Y. 2012) (where 16 of approximately 1,500 class members requested exclusion, the "response demonstrate[d] strong support for the settlement."); *see also*, *In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.*, 2007 WL 313474, at \*10 (S.D.N.Y. Feb. 1, 2007) (34 requests for exclusion from nearly 400,000 mailed notices was a "minimal" number that "militates in favor of approving the settlement as be[ing] fair, adequate, and reasonable.").

3

**IV.    Conclusion**

For the above reasons, therefore, Plaintiff respectfully requests that the Court approve the Settlement and the Plan of Allocation, award the requested attorneys' fees, reimburse Lead Counsel's out-of-pocket expenses, approve the award to Plaintiff, and enter the [Proposed] Order Approving Class Action Settlement (ECF No. 45-3, Pages 77-99) and [Proposed] Judgment (ECF No. 45-3, Pages 100-102).[2]

Dated: November 26, 2024                          Respectfully submitted,

                                                  **FAXON LAW GROUP, LLC**

                                                  /s/ *Joel T. Faxon* (CT 16255)
                                                  Joel T. Faxon, Esq.
                                                  Brittany S. Cates, Esq. (CT 27106)
                                                  59 Elm Street #3
                                                  New Haven, CT 06510
                                                  Telephone: 203.624.9500
                                                  Email: jfaxon@faxonlawgroup.com
                                                        bcates@faxonlawgroup.com

                                                  *Liaison Counsel for Lead Plaintiff and the Class*

                                                  **THE ROSEN LAW FIRM, P.A.**

                                                  Jacob A. Goldberg
                                                  (*pro hac vice*)
                                                  Leah Heifetz-Li
                                                  (*pro hac vice*)
                                                  101 Greenwood Avenue
                                                  Suite 440
                                                  Jenkintown, PA 19046
                                                  Tel: (215) 600-2817
                                                  Fax: (212) 202-3827
                                                  Email: jgoldberg@rosenlegal.com
                                                        lheifetz@rosenlegal.com

---

[2] For the convenience of the Court, Plaintiff re-submits the [Proposed] Order Approving Class Action Settlement (ECF No. 45-3, Pages 77-99) and [Proposed] Judgment (ECF No. 45-3, Pages 100-102) concurrently with this filing.

*Lead Counsel for Lead Plaintiff and the Class*

**SCHALL LAW FIRM**
Brian Schall, Esq.
2049 Century Park E #2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Email: brian@schallfirm.com

*Additional Counsel*