UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **ALBERT GUTKNECHT,** individually and on behalf of all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**THE LOVESAC COMPANY,** *et al.*,<br><br>**Defendants.** | No. 3:23-cv-01640-KAD |

## JUDGMENT

Consistent with the terms of the Order Approving Class-Action Settlement entered on December 9, 2024 (the "Approval Order), the settlement of this class action on the terms set forth in the parties' Stipulation of Settlement dated as of July 30, 2024, including all exhibits (collectively, the "Settlement Agreement"), is approved as fair, reasonable, and adequate, and consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the Rules of this Court, and any other applicable law, and in the best interests of the Settlement Class Members. Unless otherwise defined in this Judgment, the capitalized terms in the Judgment have the same meaning as in the Settlement Agreement dated as of July 30, 2024.

1. The Court finally certifies the following Settlement Class for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(3): all persons and entities who purchased or otherwise acquired Lovesac common stock during the period from June 8, 2022, through August 16, 2023. Excluded from the Settlement Class are:

      a.    such persons or entities who submitted valid and timely requests for exclusion from the Settlement Class;

      b.    such persons or entities who, while represented by counsel, settled an actual or threatened lawsuit or other proceeding against one or more of the Releasees arising out of or related to the Released Class Claims; and

      c.    Lovesac and (*i*) all officers and directors of Lovesac during the Class Period (including Shawn Nelson and Donna Dellomo), (*ii*) Lovesac's Affiliates, subsidiaries, successors, and predecessors, (*iii*) any entity in which Lovesac or any other Defendant has or had during the Class Period a Controlling Interest, and (*iv*) for the individuals identified in subparts (*i*), (*ii*), and/or (*iii*), their Family Members, legal representatives, heirs, successors, and assigns.

2.    The notice materials and methodology implemented pursuant to the Court's Preliminary Approval Order entered on August 1, 2024 (*i*) constituted the best practicable notice to potential Settlement Class Members, (*ii*) constituted notice that was reasonably calculated, under the circumstances, to apprise potential Settlement Class Members of the pendency of the Action, the effect of the Settlement Agreement (including the Releases), their right to object to the proposed Settlement, and their right to exclude themselves from the Settlement Class, and Settlement Class Members' right to appear at the Fairness Hearing, (*iii*) were reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice, and (*iv*) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the PSLRA, the Rules of the Court, and any other applicable law.

3.      The claims in the Action are dismissed on the merits and with prejudice according to the terms of the Settlement Agreement and the Approval Order, without costs to any party except as provided therein.

4.      The release, permanent injunction, PSLRA Contribution Bar, and Complete Bar as set out in the Approval Order shall be effective as to all persons and entities identified in them.

5.      Neither the Approval Order nor this Judgment applies to the persons or entities who submitted timely and valid exclusion requests, of which there were none.

6.      Without affecting the extent to which this Judgment and the Approval Order are final for purposes of any appeals, this Court retains continuing and exclusive jurisdiction over the Action as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement, the Judgment, and the Approval Order, and for any other reasonably necessary purposes.

7.      JUDGMENT in this Action is hereby entered in accordance with Federal Rule of Civil Procedure 58 this 10th day of December, 2024.  The Clerk of Court is respectfully directed to close this case.

IT IS SO ORDERED.

*/s/ Kari A. Dooley*
The Honorable Kari A. Dooley
United States District Judge