**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ALBERT GUTKNECHT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE LOVESAC COMPANY, SHAWN NELSON, and DONNA DELLOMO,<br><br>Defendants. | Case No. 3:23-cv-01640-KAD |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS**

Lead Plaintiff Susan Cooke Peña ("Plaintiff"), on behalf of the Settlement Class, respectfully submits this Memorandum of Law in support of her motion for distribution of the Net Settlement Fund.[1] For the reasons set forth herein and in the accompanying Declaration of Sarah Evans Concerning the Results of the Claims Administration Process ("Evans Declaration" or "Evans Decl."), prepared by Strategic Claims Services ("SCS" or "Claims Administrator") and filed herewith, Plaintiff respectfully requests that the Court enter the concurrently filed Proposed Order Granting Motion for Distribution of Class Action Settlement Funds ("Proposed Order").

The Proposed Order approves SCS's administrative recommendations, accepting and rejecting Claims submitted in the above-captioned Action ("Action"), and authorizes distribution of the Net Settlement Fund to Authorized Claimants whose Claims have been accepted.

## I.    PROCEDURAL BACKGROUND

---

[1] All capitalized terms that are not otherwise defined herein have the definitions set forth in the Stipulation of Settlement filed with the Court on July 31, 2024 (ECF No. 45-3).

On December 9, 2024 and December 10, 2024, the Court entered the Order Approving Class Action Settlement (ECF No. 58) and Judgment (ECF No. 60), respectively, granting final approval to the $615,000 cash settlement and dismissing the Action with prejudice.

As described in the Evans Declaration, filed herewith, SCS, under Lead Counsel's supervision, provided the requisite notice of the Settlement of the Action to potential Settlement Class Members, processed the Proof of Claim forms, calculated Recognized Loss amounts, and performed related work consistent with the Stipulation and the Final Approval Order. SCS has completed Claims processing, including Claims submitted after the November 8, 2024, Claims submission deadline. Lead Counsel and the Claims Administrator are now prepared to distribute the Net Settlement Fund to Authorized Claimants in accordance with the Plan of Allocation.

## II. DETERMINATION OF AUTHORIZED CLAIMS

Pursuant to ¶22(a) of the Order Preliminarily Approving Proposed Settlement ("Preliminary Approval Order") (ECF No. 46), all Settlement Class Members wishing to obtain their *pro rata* share of the Net Settlement Fund were required to submit a completed Proof of Claim form with supporting documentation to SCS, postmarked or received on or before the submission deadline of November 8, 2024.

Lead Counsel respectfully refers the Court to the Evans Declaration for a detailed description of the factual and procedural background of the Claims review and administration process. SCS mailed or emailed 2,305 letters to the Nominee Account Holders and Institutional Groups contained on SCS's master mailing list and mailed or emailed 34,177 Postcard Notices to potential Settlement Class Members or nominees. Evans Decl. ¶3.

SCS received and processed 11,990 Proof of Claim Forms ("Claims"). *Id*. ¶6. SCS reviewed all Claims and supporting documentation to determine whether the claimant was eligible or ineligible to be a Settlement Class Member. *Id*. The Evans Declaration includes

exhibits detailing: (i) all timely, properly documented Claims (Evans Decl. ¶7(a), Exs. B-1 and B-2); (ii) all inadequately documented Claims (Evans Decl. ¶7(b), Ex. D); and (iii) all rejected Claims deemed ineligible through SCS's deficiency process (Evans Decl. ¶7(c), Ex. E).

### A.    Valid and Properly Documented Claims

SCS has identified 3,181 properly documented valid Claims. Evans Decl. ¶7(a). These valid Claims were calculated in the manner set forth in the Court-approved Proposed Plan of Allocation of the Net Settlement Amount ("Plan of Allocation") included in the Notice. Exhibit B-1 to the Evans Declaration lists the 3,178 properly documented timely Claims. Exhibit B-2 to the Evans Declaration lists the three properly documented Claims that were submitted after the November 8, 2024 deadline but on or before December 10, 2024. Plaintiff respectfully requests that the Court approve SCS's recommendation to allow the three late Claims and to approve distribution of the Net Settlement Amount to the 3,181 properly documented valid Claims

### B.    Deficient and Ineligible Claims

#### 1.   Inadequately Documented Claims

SCS initially identified four inadequately documented Claims. Evans Decl. ¶7(b). For all inadequately documented Claims, SCS sent deficiency notices advising claimants of the inadequacy and giving them the opportunity to cure the deficiency. *Id*., Ex. C. The four deficient claimants either did not respond to the inadequacy notice or responded with insufficient documentation and were sent a rejection notice explaining the reason(s) for their inadequacy. *Id*. None of the four rejected claimants has objected to or contested SCS's determination. *Id*., Ex. D.

#### 2.   Claims Rejected For Reasons Other than Inadequate Documentation

SCS has identified, in addition to the four rejected Claims described above, 8,805 Claims that it recommends for complete rejection. Evans Decl. ¶7(c), Ex. E. The reasons for rejection included: (i) claims with no Recognized Claim; (ii) claims with shares of The Lovesac Company

("Lovesac") common stock that were purchased outside of the Class Period; (iii) claims with Lovesac shares that were sold short; (iv) claims with Lovesac common stock that was not purchased but were received, granted by gift, inheritance, or operation of law; and (v) duplicate claims filed. *Id.* Such claimants were sent rejection notices advising them of SCS's determination. *Id.*, Ex. F. To date, none of these ineligible claimants has contested the determination.

### C. This Court Should Reject As Untimely Claims Received After December 10, 2024

There must be a final cut-off date after which no more Claims may be accepted so that there may be a proportional distribution of the Net Settlement Fund without further delay and expense for the Class. Evans Decl. ¶8; *see In re Citigroup Inc. Sec. Litig.*, No. 07-CV-9901 SHS, 2014 WL 7399039, at *4 (S.D.N.Y. Dec. 29, 2014) ("[A]t some point in the distribution of a large class action settlement, such as this one, 'a cutoff date is essential and . . . the matter must be terminated'"); *see also Hartman v. Powell*, No. 00-5356, 2001 WL 410461, at *1 (D.C. Cir. Mar. 15, 2001) ("Drawing a line is essential to achieve certainty and finality in such a large class action"). Plaintiff respectfully requests that the Court reject as untimely any Claims received after December 10, 2024, and any responses to deficiency and/or rejection notices received after September July 7, 2025. *See* Evans Decl. ¶8.

### III.    PLANNED DISTRIBUTION OF THE NET SETTLEMENT FUND

Pursuant to the Stipulation, "Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account to the extent necessary (as required by

Court order); and (c) if the Final Settlement Date has occurred, directing payment of the Net Settlement Amount to Authorized Claimants from the Escrow Account." (ECF No. 45-3, §III(E)(9)). The distribution of the Net Settlement Fund remains under the jurisdiction of the Court. (ECF No. 45-3, §III(E)(11)). Lead Counsel now seeks to distribute the Net Settlement Fund to the Settlement Class Members whose 3,181 valid, properly documented Claims have been accepted, in proportion to their Recognized Losses, as set forth in Exhibits B-1 and B-2 to the Evans Declaration.

The Stipulation states:

"If any balance remains in the Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise) after at least six (6) months from the date of initial distribution of the Settlement Fund, Lead Counsel shall, if feasible and economical, redistribute such balance, after paying any amounts outstanding due to the Claims Administrator (including the costs of re-distribution) plus Tax Expenses and all other expenses associated with the redistribution, among Authorized Claimants who have cashed their checks and who would receive at least $20.00 from such redistribution. Any balance that still remains in the Settlement Fund after re-distribution(s) and that cannot feasibly or economically be reallocated to Authorized Claimants after payment of Notice and Administrative Expenses, Tax Expenses, and attorneys' fees and expenses shall be contributed to non-sectarian, not-for-profit charitable organization(s) serving the public interest, designated by Lead Plaintiff, and approved by the Court."

(ECF No. 45-3, §III(D)(6)). Plaintiff requests this Court approve the Investor Justice and Education Clinic of the Howard University School of Law as the *cy pres* recipient, should any funds remain after the second distribution.

## IV.    **CONCLUSION**

Plaintiff respectfully requests that the Court approve and enter the [Proposed] Order Granting Motion for Distribution of Class Action Settlement Funds.

Dated: August 19, 2024

Respectfully submitted,

**FAXON LAW GROUP, LLC**

/s/ *Joel T. Faxon* (CT 16255)
Joel T. Faxon, Esq.
Brittany S. Cates, Esq. (CT 27106)
59 Elm Street #3
New Haven, CT 06510
Telephone: 203.624.9500
Email: jfaxon@faxonlawgroup.com
            bcates@faxonlawgroup.com

*Liaison Counsel for Lead Plaintiff and the Class*

**THE ROSEN LAW FIRM, P.A.**

Jacob A. Goldberg
(*pro hac vice*)
Leah Heifetz-Li
(*pro hac vice*)
101 Greenwood Avenue
Suite 440
Jenkintown, PA 19046
Tel: (215) 600-2817
Fax: (212) 202-3827
Email: jgoldberg@rosenlegal.com
            lheifetz@rosenlegal.com

*Lead Counsel for Lead Plaintiff and the Class*

**SCHALL LAW FIRM**
Brian Schall, Esq.
2049 Century Park E #2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Email: brian@schallfirm.com

*Additional Counsel*

6